UNITED STATES DISTRICT COURT
DISTRICT of MINNESOTA

CASE NO. 26-cv-1603-JWB/DLM

SHAWNEE HUIE,

    Plaintiff,

v

TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC.; JPMORGAN CHASE BANK, N.A.; MIDLAND CREDIT MANAGEMENT INC.; WELLS FARGO BANK N.A.; U.S. BANK N.A.; DISCOVER FINANCIAL SERVICES; CAPITAL ONE INC.

    Defendants.



**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

**I. INTRODUCTION**

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.
2. Beginning June 5, 2025, Plaintiff submitted written disputes identifying specific inaccurate data fields on multiple tradelines appearing on her consumer reports.
3. Despite receipt of those disputes and subsequent reinvestigations by consumer reporting agencies ("CRAs"), Defendants continued reporting and verifying materially inaccurate or misleading information.
4. The inaccurate reporting directly resulted in denial of credit, increased interest rates, housing-related harm, and financial damages.
5. Plaintiff seeks relief pursuant to 15 U.S.C. §§ 1681n and 1681o.

## II. JURISDICTION AND VENUE

6. Jurisdiction exists under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

7. Venue is proper in this District under 28 U.S.C. §1391 because Plaintiff resides here and the consumer reports at issue were accessed and used here.

## III. PARTIES

8. Plaintiff Shawnee Huie is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

9. Defendant Trans Union LLC ("TransUnion") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f), organized under Delaware law, with its principal office at 555 West Adams Street, Chicago, Illinois 60661.

10. TransUnion's registered agent for service of process in Minnesota is Prentice-Hall Corp System Inc., 2780 Snelling Avenue N, Suite 101, Roseville, Minnesota 55113.

11. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f), organized under Ohio law, with its principal office at 475 Anton Boulevard, Costa Mesa, California 92626.

12. Experian's registered agent for service of process in Minnesota is CT Corporation System Inc., 1010 Dale Street N, St. Paul, Minnesota 55117-5603.

13. Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f), organized under Georgia law, with its principal office at 1550 Peachtree Street NE, Atlanta, Georgia 30309.

14. Equifax's registered agent for service of process in Minnesota is Prentice-Hall Corp System Inc., 2780 Snelling Avenue N, Suite 101, Roseville, Minnesota 55113.

15. Defendant JPMorgan Chase Bank, N.A. ("Chase") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

16. Chase's principal address is 1111 Polaris Parkway, Columbus, Ohio 43240.

17. Chase's registered agent for service of process in Minnesota is CT Corporation System Inc., 1010 Dale Street N, St. Paul, Minnesota 55117-5603.

18. Defendant Midland Credit Management, Inc. ("Midland") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

19. Midland's principal office is 350 Camino De La Reina, Suite 100, San Diego, California 92108.

20. Midland's registered agent for service of process in Minnesota is Corporation Service Company, 2780 Snelling Avenue N, Suite 101, Roseville, Minnesota 55113.

21. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

22. Wells Fargo's principal office is 420 Montgomery Street, San Francisco, California 94104.

23. Wells Fargo's registered agent for service of process in Minnesota is Corporation Service Company, 2780 Snelling Avenue N, Suite 101, Roseville, Minnesota 55113.

24. Defendant U.S. Bank N.A. ("U.S. Bank") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

25. U.S. Bank's principal office is 800 Nicollet Mall, Minneapolis, Minnesota 55402.

26. U.S. Bank's registered agent for service of process in Minnesota is CT Corporation System Inc., 1010 Dale Street N, St. Paul, Minnesota 55117-5603.

27. Defendant Discover Financial Services ("Discover") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

28. Discover's principal address is 2500 Lake Cook Road, Riverwoods, Illinois 60015.

29. Discover's registered agent for service of process in Minnesota is CT Corporation System Inc., 1010 Dale Street N, St. Paul, Minnesota 55117-5603.

30. Defendant Capital One, Inc. ("Capital One") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

31. Capital One's principal address is 1680 Capital One Drive, McLean, Virginia 22102.

32. Capital One's registered agent for service of process in Minnesota is CT Corporation System Inc., 1010 Dale Street N, St. Paul, Minnesota 55117-5603.

33. At all relevant times, each furnisher Defendant elected to report one or more tradelines about Plaintiff to the CRAs.

34. At all relevant times, each CRA Defendant assembled, evaluated, maintained, and published consumer report information about Plaintiff to third parties.

## IV. FACTUAL ALLEGATIONS

35. Plaintiff re-alleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff's disputes identified specific factual inaccuracies and materially misleading reporting, rather than vague or generalized objections.

37. The FCRA requires CRAs to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports. 15 U.S.C. § 1681e(b).

38. The FCRA requires CRAs to conduct reasonable reinvestigations when consumers dispute the completeness or accuracy of information in their files. 15 U.S.C. § 1681i(a).

39. The FCRA requires furnishers, after receiving notice of a dispute from a CRA pursuant to 15 U.S.C. § 1681i(a)(2), to conduct a reasonable investigation, review relevant information, report results, and modify, delete, or block inaccurate or unverifiable information. 15 U.S.C. § 1681s-2(b).

40. A tradeline may be "inaccurate" under the FCRA if it is factually incorrect or if it is technically correct but materially misleading in a way that can adversely affect credit decisions.

41. Inaccurate or misleading reporting of core fields such as Date Opened, Credit Limit, High Credit, Date of Last Activity, Date of Last Payment, and account status can materially affect credit scoring and underwriting.

42. Plaintiff's disputes identified specific inaccurate or misleading data fields, putting Defendants on notice of precisely what Plaintiff contended was wrong.

43. Despite this notice, Defendants verified and continued reporting the disputed information as accurate.

44. As a result, Plaintiff suffered concrete harms including credit denial, higher interest rates, and housing-related financial harm.

## V. PLAINTIFF'S JUNE 5, 2025 DISPUTES AND CERTIFIED MAIL NOTICE

45. Plaintiff re-alleges and incorporates paragraphs 1 through 44 as if fully set forth herein.

46. On June 5, 2025, Plaintiff mailed written disputes to multiple furnishers regarding specific disputed data fields being furnished and reported on Plaintiff's consumer reports.

47. The June 5, 2025 dispute letters identified disputed data fields including, among others, Date Opened, High Credit, Credit Limit, Date Last Active, Date of Last Payment, and related reporting fields.

48. The June 5, 2025 dispute letters also requested documentary support and verification for the disputed fields.

49. Plaintiff mailed the June 5, 2025 dispute letters using USPS Certified Mail.

50. Capital One dispute (Account #415417885138****) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7449 78.

51. U.S. Bank dispute (Account #300109**** and/or tradeline as identified in Plaintiff's dispute) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7827 65.

52. Midland dispute (Account #32978****) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7736 02.

53. Chase dispute (Account No. ending 2735, as referenced in Plaintiff's June 5, 2025 dispute) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7660 62.

54. Wells Fargo dispute (Account No. ending 1581, as referenced in Plaintiff's June 5, 2025 dispute) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7710 04.

55. Discover dispute (Account No. ending 7960, as referenced in Plaintiff's June 5, 2025 dispute) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7770 13.

56. Plaintiff also submitted disputes to one or more CRAs regarding the same tradelines.

57. Plaintiff's CRA disputes identified the same core inaccuracies and requested reinvestigation.

58. Plaintiff retains true and correct copies of the June 5, 2025 dispute letters, certified mail receipts, and reinvestigation result letters.

## VI. CRA REINVESTIGATION RESULTS (EQUIFAX AND TRANSUNION) AND TRANSMISSION TO FURNISHERS

59. Plaintiff re-alleges and incorporates paragraphs 1 through 58 as if fully set forth herein.

### A. Equifax Reinvestigation (U.S. Bank)

60. Plaintiff disputed the U.S. Bank tradeline with Equifax.

61. Equifax issued a reinvestigation result letter dated June 17, 2025 with Confirmation No. 5164507616.

62. That Equifax letter stated regarding U.S. Bank account *8629: "We have researched the credit account."

63. The Equifax letter further stated: "We verified that this item belongs to you."

64. The Equifax letter further stated: "We have verified that this item has been reported correctly."

65. The Equifax letter reflects that Equifax completed an investigation into Plaintiff's dispute regarding U.S. Bank.

66. Upon information and belief, Equifax transmitted Plaintiff's dispute to U.S. Bank pursuant to 15 U.S.C. § 1681i(a)(2).

67. Upon information and belief, U.S. Bank responded to Equifax's dispute transmission by verifying the disputed information.

### B. TransUnion Reinvestigation (Multiple Furnishers)

68. Plaintiff submitted disputes to TransUnion regarding the tradelines identified in Paragraph 46.

69. TransUnion issued a reinvestigation result letter dated June 27, 2025 stating: "Our investigation of the dispute you submitted is now complete."

70. TransUnion's reinvestigation result letter stated "Investigation Results – Verified as Accurate and Updated."

71. TransUnion listed the following accounts as "Verified as Accurate and Updated":

72. Capital One #415417885138**.

73. Discover Card #601100750796**.

74. JPMCB Card Services #464018212735**.

75. Midland Credit Management Inc. #32978**.

76. U.S. Bank #300109**.

77. Wells Fargo #446542036581**.

78. The TransUnion reinvestigation result letter reflects that TransUnion completed its investigation of Plaintiff's dispute regarding these tradelines.

79. Upon information and belief, TransUnion transmitted Plaintiff's disputes to each corresponding furnisher pursuant to 15 U.S.C. § 1681i(a)(2).

80. Upon information and belief, each corresponding furnisher responded to TransUnion's dispute transmissions by verifying the disputed information as accurate.

### C. Experian Reinvestigation (Pled on Information and Belief)

81. Plaintiff submitted disputes to Experian regarding the same tradelines identified in Paragraph 46.

82. Plaintiff's mail has been misdelivered during multiple moves, and Plaintiff does not presently have physical possession of Experian's written reinvestigation results.

83. Upon information and belief, Experian conducted reinvestigations of Plaintiff's disputes.

84. Upon information and belief, Experian transmitted Plaintiff's disputes to the corresponding furnishers pursuant to 15 U.S.C. § 1681i(a)(2).

85. Upon information and belief, the disputed tradelines remained reported as accurate after Experian's reinvestigation.

### VII. ADVERSE ACTIONS AND DAMAGES

86. Plaintiff re-alleges and incorporates paragraphs 1 through 85 as if fully set forth herein.

87. Plaintiff's consumer reports contained the disputed tradelines during the relevant period.

88. The disputed tradelines were material to credit and housing decisions involving Plaintiff.

89. On or about June 13, 2025, Plaintiff was denied a vehicle loan in the amount of $32,886.36.

90. Plaintiff was forced to obtain alternative financing at approximately 24.99% APR.

91. Plaintiff previously held an auto loan at a substantially lower rate, demonstrating the materiality of credit reporting errors to Plaintiff's cost of credit.

92. In or about January 2026, Plaintiff experienced housing-related harm including denial of housing and/or approval only upon obtaining a co-signer and/or paying increased deposits or accepting less favorable lease terms.

93. Plaintiff incurred out-of-pocket costs and financial losses associated with the increased cost of credit and housing.

94. Plaintiff suffered emotional distress including anxiety, embarrassment, and frustration, all of which were foreseeable consequences of inaccurate credit reporting.

95. Plaintiff's damages were directly and proximately caused by Defendants' violations of the FCRA, including unreasonable reinvestigations and continued reporting of inaccurate or misleading information.

96. Plaintiff's damages are concrete, particularized, and fairly traceable to Defendants' conduct.

**CLAIMS FOR RELIEF**

**COUNT I – TRANS UNION LLC**

**Violation of 15 U.S.C. § 1681e(b) (Failure to Follow Reasonable Procedures)**

97. Plaintiff re-alleges and incorporates paragraphs 1 through 96 as if fully set forth herein.

98. TransUnion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

99. TransUnion prepared and published consumer reports concerning Plaintiff.

100. TransUnion was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff. 15 U.S.C. § 1681e(b).

101. TransUnion reported and/or maintained one or more items of information concerning Plaintiff that were inaccurate or materially misleading, including inaccurate or misleading data fields on the tradelines identified in Paragraph 71 through 77.

102. The inaccurate or misleading reporting was material and could be expected to adversely affect credit and housing decisions.

103. TransUnion failed to follow reasonable procedures to assure maximum possible accuracy.

104. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**COUNT II – TRANS UNION LLC**

**Violation of 15 U.S.C. § 1681i(a) (Failure to Conduct Reasonable Reinvestigation)**

105. Plaintiff re-alleges and incorporates paragraphs 1 through 104 as if fully set forth herein.

106. Plaintiff disputed inaccurate or misleading information in Plaintiff's TransUnion file.

107. TransUnion was required to conduct a reasonable reinvestigation. 15 U.S.C. § 1681i(a).

108. On June 27, 2025, TransUnion stated: "Our investigation of the dispute you submitted is now complete."

109. TransUnion stated "Verified as Accurate and Updated" as to the tradelines identified in Paragraphs 71 through 77.

110. TransUnion's reinvestigation was unreasonable because it verified disputed information as accurate despite Plaintiff's specific written dispute identifying inaccurate or misleading fields.

111. TransUnion failed to delete or modify information that was inaccurate or could not be verified through a reasonable investigation.

112. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**COUNT III – EQUIFAX INFORMATION SERVICES, LLC**

**Violation of 15 U.S.C. § 1681e(b)**

113. Plaintiff re-alleges and incorporates paragraphs 1 through 112 as if fully set forth herein.

114. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

115. Equifax prepared and published consumer reports concerning Plaintiff.

116. Equifax was required to follow reasonable procedures to assure maximum possible accuracy. 15 U.S.C. § 1681e(b).

117. Equifax reported and/or maintained inaccurate or materially misleading information concerning Plaintiff, including the U.S. Bank tradeline disputed by Plaintiff.

118. The inaccurate or misleading reporting was material and could be expected to adversely affect credit and housing decisions.

119. Equifax failed to follow reasonable procedures to assure maximum possible accuracy.

120. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

## COUNT IV – EQUIFAX INFORMATION SERVICES, LLC

**Violation of 15 U.S.C. § 1681i(a)**

121. Plaintiff re-alleges and incorporates paragraphs 1 through 120 as if fully set forth herein.

122. Plaintiff disputed inaccurate or misleading information in Plaintiff's Equifax file regarding U.S. Bank.

123. Equifax was required to conduct a reasonable reinvestigation. 15 U.S.C. § 1681i(a).

124. On June 17, 2025, Equifax issued Confirmation No. 5164507616 regarding U.S. Bank account *8629.

125. Equifax stated: "We have researched the credit account."

126. Equifax stated: "We verified that this item belongs to you."

127. Equifax stated: "We have verified that this item has been reported correctly."

128. Equifax's reinvestigation was unreasonable because it verified disputed information as accurate despite Plaintiff's specific written dispute identifying inaccurate or misleading fields.

129. Equifax failed to delete or modify information that was inaccurate or could not be verified through a reasonable investigation.

130. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

## COUNT V – EXPERIAN INFORMATION SOLUTIONS, INC.

**Violation of 15 U.S.C. § 1681e(b)**

131. Plaintiff re-alleges and incorporates paragraphs 1 through 130 as if fully set forth herein.

132. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

133. Experian prepared and published consumer reports concerning Plaintiff.

134. Experian was required to follow reasonable procedures to assure maximum possible accuracy. 15 U.S.C. § 1681e(b).

135. Experian reported and/or maintained inaccurate or materially misleading information concerning Plaintiff, including the tradelines identified in Paragraph 46 and elsewhere in this Complaint.

136. The inaccurate or misleading reporting was material and could be expected to adversely affect credit and housing decisions.

137. Experian failed to follow reasonable procedures to assure maximum possible accuracy.

138. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

## COUNT VI – EXPERIAN INFORMATION SOLUTIONS, INC.

**Violation of 15 U.S.C. § 1681i(a)**

139. Plaintiff re-alleges and incorporates paragraphs 1 through 138 as if fully set forth herein.

140. Plaintiff disputed inaccurate or misleading information in Plaintiff's Experian file regarding the tradelines identified in Paragraph 46 and elsewhere in this Complaint.

141. Experian was required to conduct a reasonable reinvestigation. 15 U.S.C. § 1681i(a).

142. Upon information and belief, Experian conducted reinvestigations but verified or continued to report the disputed tradelines as accurate.

143. Experian's reinvestigation was unreasonable because it failed to correct or delete inaccurate or materially misleading fields identified in Plaintiff's disputes.

144. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**FURNISHER COUNTS (SEPARATE PER DEFENDANT)**

**COUNT VII – U.S. BANK N.A.**

**Violation of 15 U.S.C. § 1681s-2(b)**

145. Plaintiff re-alleges and incorporates paragraphs 1 through 144 as if fully set forth herein.

146. Plaintiff disputed the U.S. Bank tradeline(s) with one or more CRAs.

147. Equifax issued Confirmation No. 5164507616 verifying U.S. Bank account *8629 as reported correctly.

148. Upon information and belief, Equifax transmitted Plaintiff's dispute to U.S. Bank pursuant to 15 U.S.C. § 1681i(a)(2).

149. TransUnion also listed U.S. Bank #300109**** as "Verified as Accurate and Updated" on June 27, 2025.

150. Upon information and belief, TransUnion transmitted Plaintiff's dispute to U.S. Bank pursuant to 15 U.S.C. § 1681i(a)(2).

151. Upon information and belief, Experian also transmitted Plaintiff's dispute to U.S. Bank pursuant to 15 U.S.C. § 1681i(a)(2).

152. After receiving notice of Plaintiff's dispute from one or more CRAs, U.S. Bank was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

153. U.S. Bank failed to conduct a reasonable investigation.

154. U.S. Bank verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

155. U.S. Bank failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

156. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

## COUNT VIII – CAPITAL ONE, INC.

**Violation of 15 U.S.C. § 1681s-2(b)**

157. Plaintiff re-alleges and incorporates paragraphs 1 through 156 as if fully set forth herein.

158. Plaintiff disputed Capital One #415417885138**** with one or more CRAs.

159. TransUnion listed Capital One #415417885138**** as "Verified as Accurate and Updated" on June 27, 2025.

160. Upon information and belief, TransUnion transmitted Plaintiff's dispute to Capital One pursuant to 15 U.S.C. § 1681i(a)(2).

161. Upon information and belief, Experian and/or Equifax also transmitted Plaintiff's dispute to Capital One pursuant to 15 U.S.C. § 1681i(a)(2).

162. After receiving notice of Plaintiff's dispute from one or more CRAs, Capital One was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

163. Capital One failed to conduct a reasonable investigation.

164. Capital One verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

165. Capital One failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

166. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

## COUNT IX – DISCOVER FINANCIAL SERVICES

**Violation of 15 U.S.C. § 1681s-2(b)**

167. Plaintiff re-alleges and incorporates paragraphs 1 through 166 as if fully set forth herein.

168. Plaintiff disputed Discover Card #601100750796**** with one or more CRAs.

169. TransUnion listed Discover Card #601100750796**** as "Verified as Accurate and Updated" on June 27, 2025.

170. Upon information and belief, TransUnion transmitted Plaintiff's dispute to Discover pursuant to 15 U.S.C. § 1681i(a)(2).

171. Upon information and belief, Experian and/or Equifax also transmitted Plaintiff's dispute to Discover pursuant to 15 U.S.C. § 1681i(a)(2).

172. After receiving notice of Plaintiff's dispute from one or more CRAs, Discover was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

173. Discover failed to conduct a reasonable investigation.

174. Discover verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

175. Discover failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

176. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

## COUNT X – JPMORGAN CHASE BANK, N.A.

**Violation of 15 U.S.C. § 1681s-2(b)**

177. Plaintiff re-alleges and incorporates paragraphs 1 through 176 as if fully set forth herein.

178. Plaintiff disputed JPMCB Card Services #464018212735**** with one or more CRAs.

179. TransUnion listed JPMCB Card Services #464018212735**** as "Verified as Accurate and Updated" on June 27, 2025.

180. Upon information and belief, TransUnion transmitted Plaintiff's dispute to Chase pursuant to 15 U.S.C. § 1681i(a)(2).

181. Upon information and belief, Experian and/or Equifax also transmitted Plaintiff's dispute to Chase pursuant to 15 U.S.C. § 1681i(a)(2).

182. After receiving notice of Plaintiff's dispute from one or more CRAs, Chase was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

183. Chase failed to conduct a reasonable investigation.

184. Chase verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

185. Chase failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

186. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

## COUNT XI – MIDLAND CREDIT MANAGEMENT, INC.

### Violation of 15 U.S.C. § 1681s-2(b)

187. Plaintiff re-alleges and incorporates paragraphs 1 through 186 as if fully set forth herein.

188. Plaintiff disputed Midland Credit Management Inc. #32978**** with one or more CRAs.

189. TransUnion listed Midland Credit Management Inc. #32978**** as "Verified as Accurate and Updated" on June 27, 2025.

190. Upon information and belief, TransUnion transmitted Plaintiff's dispute to Midland pursuant to 15 U.S.C. § 1681i(a)(2).

191. Upon information and belief, Experian and/or Equifax also transmitted Plaintiff's dispute to Midland pursuant to 15 U.S.C. § 1681i(a)(2).

192. After receiving notice of Plaintiff's dispute from one or more CRAs, Midland was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

193. Midland failed to conduct a reasonable investigation.

194. Midland verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

195. Midland failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

196. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

### COUNT XII – WELLS FARGO BANK, N.A.

**Violation of 15 U.S.C. § 1681s-2(b)**

197. Plaintiff re-alleges and incorporates paragraphs 1 through 196 as if fully set forth herein.

198. Plaintiff disputed Wells Fargo #446542036581**** with one or more CRAs.

199. TransUnion listed Wells Fargo #446542036581**** as "Verified as Accurate and Updated" on June 27, 2025.

200. Upon information and belief, TransUnion transmitted Plaintiff's dispute to Wells Fargo pursuant to 15 U.S.C. § 1681i(a)(2).

201. Upon information and belief, Experian and/or Equifax also transmitted Plaintiff's dispute to Wells Fargo pursuant to 15 U.S.C. § 1681i(a)(2).

202. After receiving notice of Plaintiff's dispute from one or more CRAs, Wells Fargo was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

203. Wells Fargo failed to conduct a reasonable investigation.

204. Wells Fargo verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

205. Wells Fargo failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

206. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

### DAMAGES COUNTS (FCRA REMEDIES)

## COUNT XIII – WILLFUL NONCOMPLIANCE

### 15 U.S.C. § 1681n

207. Plaintiff re-alleges and incorporates paragraphs 1 through 206 as if fully set forth herein.

208. Defendants' violations of the FCRA were willful.

209. Defendants acted in reckless disregard of Plaintiff's rights under the FCRA.

210. Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

211. Plaintiff is entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

212. Plaintiff is entitled to costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT XIV – NEGLIGENT NONCOMPLIANCE

### 15 U.S.C. § 1681o

213. Plaintiff re-alleges and incorporates paragraphs 1 through 212 as if fully set forth herein.

214. In the alternative to willfulness, Defendants' violations of the FCRA were negligent.

215. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

216. Plaintiff is entitled to costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants and award:

217. Actual damages in an amount to be determined at trial.

218. Statutory damages as permitted by 15 U.S.C. § 1681n.

219. Punitive damages as permitted by 15 U.S.C. § 1681n.

220. Costs of suit and reasonable attorney's fees as permitted by 15 U.S.C. §§ 1681n and 1681o.

221. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

222. Plaintiff demands trial by jury on all issues so triable.

Dated: February 17, 2026                    Respectfully submitted,

/s/ Shawnee Huie

Shawnee Huie, Plaintiff, Pro Se

6417 Penn Ave S suite 7-144

Minneapolis, MN 55423

Shawnee@LuckyEliza.com

(612) 384-7813