| | |
|---|---|
| Shawnee Huie, | Court File No. 26-cv-1603-JWB/DLM |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES FOR FAILURE TO STATE A CLAIM** |
| Trans Union LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC, JPMorgan Chase Bank, N.A., Midland Credit Management, Inc., Wells Fargo Bank N.A., U.S. Bank N.A., Discover Financial Services, and Capital One Inc., | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant U.S. Bank National Association ("U.S. Bank") submits this memorandum of law in support of its motion to dismiss the *Complaint for Damages and Jury Demand* (the "Complaint") (ECF 1) filed against U.S. Bank and other defendants by *pro se* Plaintiff Shawnee Huie ("Plaintiff" or "Huie").

## INTRODUCTION

Plaintiff's Complaint asserts a single claim for relief against U.S. Bank, alleging that U.S. Bank willfully or, alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681s-2(b) (the "FCRA"), by allegedly failing to conduct a reasonable investigation and make appropriate corrections to Plaintiff's credit file after U.S. Bank received Plaintiff's written credit reporting dispute from the credit reporting agencies in June 2025. However, Plaintiff's Complaint fails to: (1) identify any false or misleading

1

information about Plaintiff's U.S. Bank account that was allegedly reported by U.S. Bank to the credit reporting agencies; (2) state what information reported by U.S. Bank was actually disputed by Plaintiff in her June 2025 dispute; or (3) state what action Plaintiff contends U.S. Bank should have taken in response to Plaintiff's June 2025 credit reporting dispute. As set forth herein, these omissions from Plaintiff's Complaint are fatal to Plaintiff's FCRA claim against U.S. Bank. Plaintiff's Complaint fails to plausibly state a claim for relief against U.S. Bank under the FCRA, and Plaintiff's Complaint should therefore be dismissed for failure to state a claim upon which relief can be granted.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A. Factual Background

This case arises out of and concerns a home equity line of credit loan obtained by Plaintiff from U.S. Bank on or about September 15, 2016, which extended a home equity line of credit to Plaintiff up to a maximum amount of $55,555.00 (the "Loan"). Allerson Decl. ¶ 2, Ex. A.[1]  The Loan was secured by a Mortgage executed by Plaintiff against the

---

[1] The exhibits to the Allerson declaration are integral to Plaintiff's claim as their execution forms the basis for the relationship between the parties and the conduct alleged in the Complaint.  As one recent decision in this Court explained:

> Considering matters outside the pleadings generally transforms a Rule 12(b)(6) motion into one for summary judgment, but not when the relevant materials are necessarily embraced by the pleadings.  In general, materials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.  Courts additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record

2

real property located at 4304 15th Ave. S, Minneapolis, Minnesota 55407-3304 (the "Property"). Allerson Decl. ¶ 3, Ex. B.

In June 2025, Plaintiff submitted disputes of her U.S. Bank tradeline corresponding to the Loan to the national credit reporting agencies, namely, Equifax Information Services, LLC ("Equifax"), TransUnion, LLC ("TransUnion"), and Experian Information Solutions, Inc. ("Experian"). ECF 1, ¶¶ 56, 60, 76, 81. According to Plaintiff, her credit reporting dispute letters "identified disputed data fields including, among others, Date Opened, High Credit, Credit Limit, Date Last Active, Date of Last Payment, and related reporting fields." ECF 1, ¶¶ 47, 57. Plaintiff's dispute letters "also requested documentary support and verification for the disputed fields." ECF 1, ¶¶ 48, 57.

Plaintiff alleges, upon information and belief, that her credit reporting disputes were transmitted by each of the credit reporting agencies (Equifax, TransUnion, and Experian) to U.S. Bank. ECF 1, ¶¶ 66, 79, 84. Plaintiff further alleges that, after receiving Plaintiff's credit reporting disputes from the credit reporting agencies, U.S. Bank: (1) "failed to conduct a reasonable investigation," (2) "verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters," and (3) "failed to modify, delete or block the reporting of

---

of the case, and exhibits attached to the complaint whose authenticity is unquestioned.

*United States ex rel. Louderback v. Sunovion Pharms., Inc.*, 703 F. Supp. 3d 961, 969 (D. Minn. 2023) (internal citations and quotations omitted).

3

inaccurate or unverifiable information." ECF 1, ¶¶ 153-155. Plaintiff contends that, due to U.S. Bank's actions, Plaintiff:

- "was denied a vehicle loan in the amount of $32,886.36" (ECF 1, ¶ 89);

- "was forced to obtain alternative financing at approximately 24.99% APR" (ECF 1, ¶ 90);

- "experienced housing-related harm" in or around January 2026, "including denial of housing and/or approval only upon obtaining a co-signer and/or paying increased despots or accepting less favorable lease terms" (ECF 1, ¶ 92);

- "incurred out-of-pocket costs and financial losses associated with the increased cost of credit and housing" (ECF 1, ¶ 93); and

- "suffered emotional distress including anxiety, embarrassment, and frustration, all of which were foreseeable consequences of inaccurate credit reporting" (ECF 1, ¶ 94).

B. Procedural History

1. Plaintiff's Previous FCRA Lawsuit Against U.S. Bank

Plaintiff previously filed an FCRA lawsuit against U.S. Bank and others in this Court on October 9, 2025. *See Huie v. Trans Union LLC, et al.*, Case No. 25-cv-03885-LMP-DJF (D. Minn.) ("*Huie I*"). On January 22, 2026, this Court (the Honorable Laura M. Provinzino) dismissed Plaintiff's FCRA claims (and her entire lawsuit) in *Huie I* without prejudice. *Huie v. Trans Union LLC, et al.*, No. 25-cv-03885-LMP-DJF, 2026 WL 281454 (D. Minn. Jan. 22, 2026).

200393942v1

In dismissing *Huie I*, the Court found, *inter alia*, that Plaintiff's complaint "never allege[d] what was inaccurate about the information reported by Defendants," but merely "allege[d], in conclusory fashion, that Defendants reported 'inaccurate, misleading, and incomplete information concerning Plaintiff's accounts, credit history, and creditworthiness.'" *Id.* at *2. The Court further concluded that Plaintiff's "boilerplate allegation that the credit furnishers 'receiv[ed] notice of Plaintiff's disputes from one or more consumer reporting agencies under 15 U.S.C. § 1681i(a)(2)'" was "a mere 'naked assertion' without 'further factual enhancement,' which does not plausibly state a claim." *Id.* *3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see also id.* ("And, as explained above, Huie does not plausibly allege the inaccuracy of any information reported to the credit furnishers, which is equally fatal to the Section 1681s-2(b) claim." (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1040 (D. Minn. 2010)).

2.  The Instant Lawsuit

Plaintiff filed the instant FCRA lawsuit ("*Huie II*") against U.S. Bank and multiple other defendants (including TransUnion, Experian, and Equifax) in this Court on February 23, 2026. *See* ECF 1. Plaintiff's Complaint asserts a single claim for relief against U.S. Bank under 15 U.S.C. § 1681s-2(b) (ECF 1, ¶¶ 145-156), alleging that U.S. Bank willfully (ECF 1, ¶¶ 207-212) or, alternatively, negligently (ECF 1, ¶¶ 213-216) violated the FCRA in connection with U.S. Bank's response to Plaintiff's June 2025 credit reporting dispute.

For the reasons set forth below, Plaintiff's FCRA claim against U.S. Bank fails to plausibly state a violation of the FCRA by U.S. Bank as a matter of law. Accordingly, this

5

claim should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**ARGUMENT AND CITATION OF AUTHORITY**

A. Standard of Review on Motion to Dismiss

"In determining whether a complaint states a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Huie*, 2026 WL 281454, at *1 (citing *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014)). "The complaint must 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the conduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While filings from *pro se* litigants are to be liberally construed (*see Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024)), *pro se* litigants "nevertheless, must satisfy the pleading standards of the federal courts." *Williams v. Mississippi*, No. 23-cv-00086 (WMW/DJF), 2023 WL 3558157, at *1 (D. Minn. May 18, 2023) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

B. Plaintiff's Complaint Fails to State A Claim for Relief Against U.S. Bank for Violation of 15 U.S.C. § 1681s-2(b).

Plaintiff's Complaint asserts a single claim against U.S. Bank, alleging that U.S. Bank violated 15 U.S.C. § 1681s-2(b) in connection with U.S. Bank's responses to Plaintiff's June 2025 credit reporting disputes submitted to Equifax, TransUnion, and

6

Experian, respectively. ECF 1, ¶¶ 146-156. Specifically, Plaintiff alleges that U.S. Bank "failed to conduct a reasonable investigation" into Plaintiff's disputes, "verified inaccurate or materially misleading information, including one or more of the disputes data fields identified in Plaintiff's June 5, 2025 dispute letters," and "failed to modify, delete, or block the reporting of inaccurate or unverifiable information." ECF 1, ¶¶ 153-155. Plaintiff alleges that due to U.S. Bank's actions she "suffered damages," as previously described herein, *supra*. ECF 1, ¶ 156.

"The FCRA requires a credit furnisher, upon receiving notice from a credit reporting agency that a consumer has disputed a debt, to investigate the dispute, to report the results of the investigation to the credit reporting agency, and, if the credit furnisher concludes that the disputed debt is accurate, incomplete, or unverifiable, to take certain additional remedial measures." *Huie*, 2026 WL 281454, at *3. "The duties of a credit furnisher under 1681s-2(b) are triggered by notice from the credit reporting agency that its information is being disputed, not by notice from the consumer directly." *Id.* (citing *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 907 (8th Cir. 2011)).

"To state a claim under Section 1681s-2(b), a plaintiff must plausibly allege that the disputed debt information reported to the credit furnisher was inaccurate." *Id.* (citing *Edeh v. Midland Cred. Mgmt.*, 748 F. Supp. 2d 1039, 1040 (D. Minn. 2010)). "[W]hen a plaintiff cannot show that the disputed debt information is inaccurate, the investigation is deemed reasonable and the plaintiff cannot prevail on a FCRA claim pursuant to 15 U.S.C. § 1681-s-2(b)." *Peoples v. SunTrust Bank*, 2018 WL 7020229, at *5 (D. Minn. Apr. 18, 2018) (citing *Edeh*, 748 F. Supp. 2d at 1039-40).

7

Here, Plaintiff's Complaint does not identify any specific inaccurate or misleading information that was allegedly submitted by U.S. Bank to the credit reporting agencies and disputed by Plaintiff in her June 2025 dispute letters. *See generally* ECF 1. Instead, Plaintiff only vaguely alleges that her dispute letters "identified disputed data fields including, among others, Date Opened, High Credit, Credit Limit, Date Last Active, Date of Last Payment, and related reporting fields." ECF 1, ¶ 47. Such unadorned allegations of alleged deficiencies in U.S. Bank's reporting of the tradeline for Plaintiff's loan account are insufficient to plausibly establish that U.S. Bank failed to investigate or make appropriate corrections to U.S. Bank's credit reporting after receiving notice of Plaintiff's disputes from the credit reporting agencies. *See Huie*, 2026 WL 281454, at *3. ("To state a claim under Section 1681s-2(b), a plaintiff must plausibly allege that the disputed debt information reported to the credit furnisher was inaccurate." (citing *Edeh v. Midland Cred. Mgmt.*, 748 F. Supp. 2d 1039, 1040 (D. Minn. 2010)). As this Court noted in Plaintiff's previous FCRA lawsuit, an FCRA plaintiff's failure to "plausibly allege the inaccuracy of any information reported to the credit furnishers… is…fatal to [her] Section 1681s-2(b) claim." *Id.* (alterations supplied) (citing *Edeh*, 748 F. Supp. 2d at 1040).[2] Accordingly, Plaintiff's FCRA claim against U.S. Bank fails as a matter of law and should be dismissed for failure to state a claim.

---

[2] Plaintiff's Complaint also fails to allege what action(s) Plaintiff contends U.S. Bank *should* have taken to address Plaintiff's vague, non-specific concerns following a reasonable investigation into Plaintiff's dispute(s) (i.e., deletion, correction, or some other unspecified action).

200393942v1

**CONCLUSION**

Based on the foregoing, Defendant U.S. Bank National Association respectfully requests that the Court **GRANT** the instant motion to dismiss and **DISMISS** Plaintiff's Complaint as against Defendant U.S. Bank National Association for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: May 8, 2026

Respectfully submitted,

/s/*Thomas J. Cunningham*

Thomas J. Cunningham
*(Admitted Pro Hac Vice)*
TROUTMAN PEPPER LOCKE, LLP
777 South Flagler Drive
Suite 215, East Tower
West Palm Beach, FL 33401
Telephone: (404) 870-4673
Email: thomas.cunningham@troutman.com

/s/*Steven J. Flynn*

Steven J. Flynn (GA Bar No. 313040)
*(Admitted Pro Hac Vice)*
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street NE, Ste. 3000
Atlanta, GA 30308
.
Email: steven.flynn@troutman.com

/s/*Erik W. Allerson*

Erik W. Allerson (0403476)
TAFT STETTINIUS AND HOLLISTER LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2210
Telephone: (612) 977-8670
Email: eallerson@taftlaw.com

*Attorneys for Defendant*
*U.S. Bank National Association*

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that on May 8, 2026, I caused a true and correct copy of the foregoing document to be served on the below party via United States Mail, postage prepaid, addressed as follows:

> Shawnee Huie
> 6417 Penn. Ave. S
> Suite 7-144
> Minneapolis, Minnesota 55423
> *Pro Se Plaintiff*

*/s/Erik W. Allerson*

Erik W. Allerson

10

200393942v1