| | |
|---|---|
| SHAWNEE HUIE, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 0:26-cv-01603-JWB-DLM |
| v. ) | |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S NOTICE OF JOINDER TO DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS

PLEASE TAKE NOTICE that Defendant Experian Information Solutions, Inc., ("Experian"), by counsel, hereby joins in U.S. Bank National Association's ("U.S. Bank") Motion to Dismiss Plaintiff's Complaint [Dkt. No. 35]. The grounds for dismissal and reasoning set forth in U.S Bank's Motion to Dismiss apply equally to any claims against Experian.

Plaintiff filed her Complaint on February 23, 2026 [Dkt. No. 1]. Plaintiff is alleging that Defendants violated the Fair Credit Reporting Act ("FCRA"), including claims that Experian failed to comply with 15 U.S.C. §§1681e(b) and 1681(i). This Joinder specifically incorporates the arguments of U.S. Bank that Plaintiff's Complaint fails to state the essential elements of her causes of action under 15 U.S.C. §1681 *et seq.* While Plaintiff's claims against U.S. Bank arise under 15 U.S.C. §1681s-d(2), her lack of specificity including failure to identify any specific inaccurate or misleading information applies

equally to the claims against Experian. As a result, Plaintiff has failed to plausibly state a claim for relief against Experian under the FCRA. Because all claims arise from the same factual, procedural and legal posture as U.S. Bank, the arguments and points of authority detailed in U.S Bank's filing should be deemed to apply to Experian. The relief requested by U.S. Bank in its Motion and supporting Memorandum should be considered requested by Experian without burdening the Court with duplicative motions.

Experian hereby joins, adopts, and incorporates by reference the U.S. Bank's Motion, including all arguments and authorities set forth in the memorandum of law and any reply briefs submitted in support therein. Accordingly, Plaintiff's claims against Experian fail as a matter of law and should be dismissed for failure to state a claim.

Date: May 8, 2026

Respectfully Submitted,

*/s/ Gregory J. Myers*
Gregory J. Myers, #
Lockridge Grindal Nauen PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel.: 612-596-4027
gjmyers@locklaw.com


*/s/ Lauren E. Lacey*
Lauren E. Lacey
*Admitted Pro Hac Vice*
Troutman Pepper Locke LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
202-274-2950
Lauren.Lacey@troutman.com

**Counsel for Defendant ExperianInformation**