# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| SHAWNEE HUIE, | Case No.: 26-cv-01603-JWB/DLM |
| Plaintiff, | |
| v. | **JPMORGAN CHASE BANK, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES** |
| TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; JPMORGAN CHASE BANK, N.A.; MIDLAND CREDIT MANAGEMENT INC.; WELLS FARGO BANK N.A.; U.S. BANK N.A. DISCOVERY FINANCIAL SERVICES; CAPITAL ONE INC. | |
| Defendants. | |

NOW COMES Defendant, JPMORGAN CHASE BANK, N.A., by and through its counsel Dykema Gossett PLLC, and for its Answer to Plaintiff's Complaint and Affirmative Defenses, states as follows:

## **GENERAL DENIAL**

Chase denies each and every allegation of Plaintiffs' Complaint, except as specifically admitted, answered, or otherwise qualified herein.

## **I. INTRODUCTION**

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

**ANSWER:** Chase admits that Plaintiff purports to bring this action under the Fair Credit Reporting Act, but specifically denies that Plaintiff is entitled to any relief against Chase.

2. Beginning June 5, 2025, Plaintiff submitted written disputes identifying specific inaccurate data fields on multiple tradelines appearing on her consumer reports.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies same.

3. Despite receipt of those disputes and subsequent reinvestigations by consumer reporting agencies ("CRAs"), Defendants continued reporting and verifying materially inaccurate or misleading information.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies same.

4. The inaccurate reporting directly resulted in denial of credit, increased interest rates, housing-related harm, and financial damages.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies same.

5. Plaintiff seeks relief pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:** Chase admits that Plaintiff seeks relief pursuant to 15 U.S.C. §§ 1681n and 1681o, but denies that Plaintiff is entitled to any relief against Chase.

## II. JURISDICTION AND VENUE

6. Jurisdiction exists under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

**ANSWER:** Chase states that the allegations contained in Paragraph 6 are legal conclusions and therefore denies that it requires an answer.

7.      Venue is proper in this District under 28 U.S.C. §1391 because Plaintiff resides here and the consumer reports at issue were accessed and used here.

**ANSWER:** Chase states that the allegations contained in Paragraph 7 are legal conclusions and therefore denies that it requires an answer.

## III. PARTIES

8.      Plaintiff Shawnee Huie is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

**ANSWER:** Chase states that the allegations contained in Paragraph 8 are legal conclusions and therefore denies that it requires an answer.

9.      Defendant Trans Union LLC ("TransUnion") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f), organized under Delaware law, with its principal office at 555 West Adams Street, Chicago, Illinois 60661.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies same.

10.      TransUnion's registered agent for service of process in Minnesota is Prentice-Hall Corp System Inc., 2780 Snelling Avenue N, Suite 101, Roseville, Minnesota 55113.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies same.

3

11. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f), organized under Ohio law, with its principal office at 475 Anton Boulevard, Costa Mesa, California 92626.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies same.

12. Experian's registered agent for service of process in Minnesota is CT Corporation System Inc., 1010 Dale Street N, St. Paul, Minnesota 55117-5603.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies same.

13. Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f), organized under Georgia law, with its principal office at 1550 Peachtree Street NE, Atlanta, Georgia 30309.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies same.

14. Equifax's registered agent for service of process in Minnesota is Prentice-Hall Corp System Inc., 2780 Snelling Avenue N, Suite 101, Roseville, Minnesota 55113.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies same.

15. Defendant JPMorgan Chase Bank, N.A. ("Chase") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

**ANSWER:** Chase states that the allegations contained in Paragraph 15 are legal conclusions and therefore denies that it requires an answer.

16. Chase's principal address is 1111 Polaris Parkway, Columbus, Ohio 43240.

**ANSWER:** Chase admits the allegations in Paragraph 16.

17. Chase's registered agent for service of process in Minnesota is CT Corporation System Inc., 1010 Dale Street N, St. Paul, Minnesota 55117-5603.

**ANSWER:** Chase admits the allegations in Paragraph 17.

18. Defendant Midland Credit Management, Inc. ("Midland") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies same.

19. Midland's principal office is 350 Camino De La Reina, Suite 100, San Diego, California 92108.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies same.

20. Midland's registered agent for service of process in Minnesota is Corporation Service Company, 2780 Snelling Avenue N, Suite 101, Roseville, Minnesota 55113.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies same.

21. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies same.

22. Wells Fargo's principal office is 420 Montgomery Street, San Francisco, California 94104.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies same.

23. Wells Fargo's registered agent for service of process in Minnesota is Corporation Service Company, 2780 Snelling Avenue N, Suite 101, Roseville, Minnesota 55113.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies same.

24. Defendant U.S. Bank N.A. ("U.S. Bank") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies same.

25. U.S. Bank's principal office is 800 Nicollet Mall, Minneapolis, Minnesota 55402.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies same.

26. U.S. Bank's registered agent for service of process in Minnesota is CT Corporation System Inc., 1010 Dale Street N, St. Paul, Minnesota 55117-5603.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies same.

27. Defendant Discover Financial Services ("Discover") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies same.

28. Discover's principal address is 2500 Lake Cook Road, Riverwoods, Illinois 60015.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies same.

29. Discover's registered agent for service of process in Minnesota is CT Corporation System Inc., 1010 Dale Street N, St. Paul, Minnesota 55117-5603.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies same.

30. Defendant Capital One, Inc. ("Capital One") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and at all relevant times furnished information about Plaintiff's account(s) to one or more CRAs.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies same.

31. Capital One's principal address is 1680 Capital One Drive, McLean, Virginia 22102.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies same.

32. Capital One's registered agent for service of process in Minnesota is CT Corporation System Inc., 1010 Dale Street N, St. Paul, Minnesota 55117-5603.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies same.

33. At all relevant times, each furnisher Defendant elected to report one or more tradelines about Plaintiff to the CRAs.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies same.

34. At all relevant times, each CRA Defendant assembled, evaluated, maintained, and published consumer report information about Plaintiff to third parties.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies same.

**IV. FACTUAL ALLEGATIONS**

35. Plaintiff re-alleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

8

**ANSWER:** For its answer to Paragraph 35, Chase adopts by reference its statements in answer to the allegations that Paragraph 35 realleges and incorporates.

36. Plaintiff's disputes identified specific factual inaccuracies and materially misleading reporting, rather than vague or generalized objections.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies same.

37. The FCRA requires CRAs to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports. 15 U.S.C. § 1681e(b).

**ANSWER:** Chase states that the FCRA speaks for itself. Chase further responds that the allegations contained in this paragraph are legal conclusions and therefore denies them to the extent they are inconsistent with the law, inaccurate, or taken out of context.

38. The FCRA requires CRAs to conduct reasonable reinvestigations when consumers dispute the completeness or accuracy of information in their files. 15 U.S.C. § 1681i(a).

**ANSWER:** Chase states that the FCRA speaks for itself. Chase further responds that the allegations contained in this paragraph are legal conclusions and therefore denies them to the extent they are inconsistent with the law, inaccurate, or taken out of context.

39. The FCRA requires furnishers, after receiving notice of a dispute from a CRA pursuant to 15 U.S.C. § 1681i(a)(2), to conduct a reasonable investigation, review relevant information, report results, and modify, delete, or block inaccurate or unverifiable information. 15 U.S.C. § 1681s-2(b).

9

**ANSWER:** Chase states that the FCRA speaks for itself. Chase further responds that the allegations contained in this paragraph are legal conclusions and therefore denies them to the extent they are inconsistent with the law, inaccurate, or taken out of context.

40. A tradeline may be "inaccurate" under the FCRA if it is factually incorrect or if it is technically correct but materially misleading in a way that can adversely affect credit decisions.

**ANSWER:** Chase states that the FCRA speaks for itself. Chase further responds that the allegations contained in this paragraph are legal conclusions and therefore denies them to the extent they are inconsistent with the law, inaccurate, or taken out of context.

41. Inaccurate or misleading reporting of core fields such as Date Opened, Credit Limit, High Credit, Date of Last Activity, Date of Last Payment, and account status can materially affect credit scoring and underwriting.

**ANSWER:** Chase states that the allegations contained in Paragraph 41 are legal conclusions and therefore denies that it requires an answer.

42. Plaintiff's disputes identified specific inaccurate or misleading data fields, putting Defendants on notice of precisely what Plaintiff contended was wrong.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies same.

43. Despite this notice, Defendants verified and continued reporting the disputed information as accurate.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies same.

10

44. As a result, Plaintiff suffered concrete harms including credit denial, higher interest rates, and housing-related financial harm.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies same.

## V. PLAINTIFF'S JUNE 5, 2025 DISPUTES AND CERTIFIED MAIL NOTICE

45. Plaintiff re-alleges and incorporates paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 45, Chase adopts by reference its statements in answer to the allegations that Paragraph 45 realleges and incorporates.

46. On June 5, 2025, Plaintiff mailed written disputes to multiple furnishers regarding specific disputed data fields being furnished and reported on Plaintiff's consumer reports.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies same.

47. The June 5, 2025 dispute letters identified disputed data fields including, among others, Date Opened, High Credit, Credit Limit, Date Last Active, Date of Last Payment, and related reporting fields.

**ANSWER:** Chase states the referenced letters speak for themselves and denies the allegations to the extent they are inconsistent with the referenced letters, inaccurate, or taken out of context. Chase otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies same.

11

48. The June 5, 2025 dispute letters also requested documentary support and verification for the disputed fields.

**ANSWER:** Chase states the referenced letters speak for themselves and denies the allegations to the extent they are inconsistent with the referenced letters, inaccurate, or taken out of context. Chase otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies same.

49. Plaintiff mailed the June 5, 2025 dispute letters using USPS Certified Mail.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies same.

50. Capital One dispute (Account #415417885138****) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7449 78.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies same.

51. U.S. Bank dispute (Account #300109**** and/or tradeline as identified in Plaintiff's dispute) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7827 65.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies same.

52. Midland dispute (Account #32978****) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7736 02.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies same.

53. Chase dispute (Account No. ending 2735, as referenced in Plaintiff's June 5, 2025 dispute) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7660 62.

**ANSWER:** Chase states the referenced letters speaks for itself and denies the allegations to the extent they are inconsistent with the referenced letter, inaccurate, or taken out of context. Chase otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies same.

54. Wells Fargo dispute (Account No. ending 1581, as referenced in Plaintiff's June 5, 2025 dispute) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7710 04.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies same.

55. Discover dispute (Account No. ending 7960, as referenced in Plaintiff's June 5, 2025 dispute) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7770 13.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies same.

56. Plaintiff also submitted disputes to one or more CRAs regarding the same tradelines.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies same.

57. Plaintiff's CRA disputes identified the same core inaccuracies and requested reinvestigation.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies same.

58. Plaintiff retains true and correct copies of the June 5, 2025 dispute letters, certified mail receipts, and reinvestigation result letters.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies same.

## VI. CRA REINVESTIGATION RESULTS (EQUIFAX AND TRANSUNION) AND TRANSMISSION TO FURNISHERS

59. Plaintiff re-alleges and incorporates paragraphs 1 through 58 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 59, Chase adopts by reference its statements in answer to the allegations that Paragraph 59 realleges and incorporates.

### A. Equifax Reinvestigation (U.S. Bank)

60. Plaintiff disputed the U.S. Bank tradeline with Equifax.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies same.

61. Equifax issued a reinvestigation result letter dated June 17, 2025 with Confirmation No. 5164507616.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies same.

62. That Equifax letter stated regarding U.S. Bank account *8629: "We have researched the credit account."

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies same.

63. The Equifax letter further stated: "We verified that this item belongs to you."

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies same.

64. The Equifax letter further stated: "We have verified that this item has been reported correctly."

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies same.

65. The Equifax letter reflects that Equifax completed an investigation into Plaintiff's dispute regarding U.S. Bank.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies same.

66. Upon information and belief, Equifax transmitted Plaintiff's dispute to U.S. Bank pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies same.

67. Upon information and belief, U.S. Bank responded to Equifax's dispute transmission by verifying the disputed information.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies same.

**B. TransUnion Reinvestigation (Multiple Furnishers)**

68. Plaintiff submitted disputes to TransUnion regarding the tradelines identified in Paragraph 46.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies same.

69. TransUnion issued a reinvestigation result letter dated June 27, 2025 stating: "Our investigation of the dispute you submitted is now complete."

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies same.

70. TransUnion's reinvestigation result letter stated "Investigation Results — Verified as Accurate and Updated."

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies same.

71. TransUnion listed the following accounts as "Verified as Accurate and Updated":

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies same.

72. Capital One #415417885138**.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies same.

73. Discover Card #601100750796**.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies same.

74. JPMCB Card Services #464018212735**.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies same.

75. Midland Credit Management Inc. #32978**.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies same.

76. U.S. Bank #300109**.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies same.

77. Wells Fargo #446542036581**.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies same.

78. The TransUnion reinvestigation result letter reflects that TransUnion completed its investigation of Plaintiff's dispute regarding these tradelines.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies same.

79. Upon information and belief, TransUnion transmitted Plaintiff's disputes to each corresponding furnisher pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase admits only that it received an ACDV from TransUnion on or about June 13, 2025. Chase otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and therefore denies same.

80. Upon information and belief, each corresponding furnisher responded to TransUnion's dispute transmissions by verifying the disputed information as accurate.

**ANSWER:** Chase admits only that after it completed its investigation, it responded to TransUnion that the disputed information was accurate. Chase otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and therefore denies same.

## C. Experian Reinvestigation (Pled on Information and Belief)

81. Plaintiff submitted disputes to Experian regarding the same tradelines identified in Paragraph 46.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies same.

82. Plaintiff's mail has been misdelivered during multiple moves, and Plaintiff does not presently have physical possession of Experian's written reinvestigation results.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies same.

83. Upon information and belief, Experian conducted reinvestigations of Plaintiff's disputes.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies same.

84. Upon information and belief, Experian transmitted Plaintiff's disputes to the corresponding furnishers pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase states that it has not located in its files an ACDV from Experian related to Plaintiff's June 2025 dispute. Chase otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and therefore denies same.

85. Upon information and belief, the disputed tradelines remained reported as accurate after Experian's reinvestigation.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies same.

**VII. ADVERSE ACTIONS AND DAMAGES**

86. Plaintiff re-alleges and incorporates paragraphs 1 through 85 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 86, Chase adopts by reference its statements in answer to the allegations that Paragraph 86 realleges and incorporates.

87. Plaintiff's consumer reports contained the disputed tradelines during the relevant period.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies same.

88.     The disputed tradelines were material to credit and housing decisions involving Plaintiff.

**ANSWER:**   Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies same.

89.     On or about June 13, 2025, Plaintiff was denied a vehicle loan in the amount of $32,886.36.

**ANSWER:**   Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies same.

90.     Plaintiff was forced to obtain alternative financing at approximately 24.99% APR.

**ANSWER:**   Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies same.

91.     Plaintiff previously held an auto loan at a substantially lower rate, demonstrating the materiality of credit reporting errors to Plaintiff's cost of credit.

**ANSWER:**   Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies same.

92.     In or about January 2026, Plaintiff experienced housing-related harm including denial of housing and/or approval only upon obtaining a co-signer and/or paying increased deposits or accepting less favorable lease terms.

**ANSWER:**   Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies same.

93. Plaintiff incurred out-of-pocket costs and financial losses associated with the increased cost of credit and housing.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies same.

94. Plaintiff suffered emotional distress including anxiety, embarrassment, and frustration, all of which were foreseeable consequences of inaccurate credit reporting.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies same.

95. Plaintiff's damages were directly and proximately caused by Defendants' violations of the FCRA, including unreasonable reinvestigations and continued reporting of inaccurate or misleading information.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies same.

96. Plaintiff's damages are concrete, particularized, and fairly traceable to Defendants' conduct.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies same.

**CLAIMS FOR RELIEF**

**COUNT I - TRANS UNION LLC**

**Violation of 15 U.S.C. § 1681e(b) (Failure to Follow Reasonable Procedures)**

97. Plaintiff re-alleges and incorporates paragraphs 1 through 96 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 97, Chase adopts by reference its statements in answer to the allegations that Paragraph 97 realleges and incorporates.

98. TransUnion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

**ANSWER:** Chase states that the allegations contained in Paragraph 98 are legal conclusions and therefore denies that it requires an answer.

99. TransUnion prepared and published consumer reports concerning Plaintiff.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

100. TransUnion was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff. 15 U.S.C. § 1681e(b).

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

101. TransUnion reported and/or maintained one or more items of information concerning Plaintiff that were inaccurate or materially misleading, including inaccurate or misleading data fields on the tradelines identified in Paragraph 71 through 77.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary,

Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

102. The inaccurate or misleading reporting was material and could be expected to adversely affect credit and housing decisions.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

103. TransUnion failed to follow reasonable procedures to assure maximum possible accuracy.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

104. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

**COUNT II - TRANS UNION LLC**

**Violation of 15 U.S.C. § 1681i(a) (Failure to Conduct Reasonable Reinvestigation)**

105. Plaintiff re-alleges and incorporates paragraphs 1 through 104 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 105, Chase adopts by reference its statements in answer to the allegations that Paragraph 105 realleges and incorporates.

106. Plaintiff disputed inaccurate or misleading information in Plaintiff's TransUnion file.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

107. TransUnion was required to conduct a reasonable reinvestigation. 15 U.S.C. § 1681i(a).

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

108. On June 27, 2025, TransUnion stated: "Our investigation of the dispute you submitted is now complete."

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary,

Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

109. TransUnion stated "Verified as Accurate and Updated" as to the tradelines identified in Paragraphs 71 through 77.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

110. TransUnion's reinvestigation was unreasonable because it verified disputed information as accurate despite Plaintiff's specific written dispute identifying inaccurate or misleading fields.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

111. TransUnion failed to delete or modify information that was inaccurate or could not be verified through a reasonable investigation.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

112. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

## COUNT III - EQUIFAX INFORMATION SERVICES, LLC
**Violation of 15 U.S.C. § 1681e(b)**

113. Plaintiff re-alleges and incorporates paragraphs 1 through 112 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 113, Chase adopts by reference its statements in answer to the allegations that Paragraph 113 realleges and incorporates.

114. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

**ANSWER:** Chase states that the allegations contained in Paragraph 114 are legal conclusions and therefore denies that it requires an answer.

115. Equifax prepared and published consumer reports concerning Plaintiff.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

116. Equifax was required to follow reasonable procedures to assure maximum possible accuracy. 15 U.S.C. § 1681e(b).

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

117. Equifax reported and/or maintained inaccurate or materially misleading information concerning Plaintiff, including the U.S. Bank tradeline disputed by Plaintiff.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

118. The inaccurate or misleading reporting was material and could be expected to adversely affect credit and housing decisions.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

119. Equifax failed to follow reasonable procedures to assure maximum possible accuracy.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

120. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

**COUNT IV - EQUIFAX INFORMATION SERVICES, LLC**

**Violation of 15 U.S.C. § 1681i(a)**

121. Plaintiff re-alleges and incorporates paragraphs 1 through 120 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 121, Chase adopts by reference its statements in answer to the allegations that Paragraph 121 realleges and incorporates.

122. Plaintiff disputed inaccurate or misleading information in Plaintiff's Equifax file regarding U.S. Bank.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore denies same.

123. Equifax was required to conduct a reasonable reinvestigation. 15 U.S.C. § 1681i(a).

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

124. On June 17, 2025, Equifax issued Confirmation No. 5164507616 regarding U.S. Bank account *8629.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

125. Equifax stated: "We have researched the credit account."

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

126. Equifax stated: "We verified that this item belongs to you."

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

127. Equifax stated: "We have verified that this item has been reported correctly."

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

128. Equifax's reinvestigation was unreasonable because it verified disputed information as accurate despite Plaintiff's specific written dispute identifying inaccurate or misleading fields.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

129. Equifax failed to delete or modify information that was inaccurate or could not be verified through a reasonable investigation.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

130. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

**COUNT V - EXPERIAN INFORMATION SOLUTIONS, INC.**

**Violation of 15 U.S.C. § 1681e(b)**

131. Plaintiff re-alleges and incorporates paragraphs 1 through 130 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 131, Chase adopts by reference its statements in answer to the allegations that Paragraph 131 realleges and incorporates.

132. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

**ANSWER:** Chase states that the allegations contained in Paragraph 132 are legal conclusions and therefore denies that it requires an answer.

133. Experian prepared and published consumer reports concerning Plaintiff.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

134. Experian was required to follow reasonable procedures to assure maximum possible accuracy. 15 U.S.C. § 1681e(b).

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

135. Experian reported and/or maintained inaccurate or materially misleading information concerning Plaintiff, including the tradelines identified in Paragraph 46 and elsewhere in this Complaint.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

136. The inaccurate or misleading reporting was material and could be expected to adversely affect credit and housing decisions.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

137. Experian failed to follow reasonable procedures to assure maximum possible accuracy.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

138. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

**COUNT VI - EXPERIAN INFORMATION SOLUTIONS, INC.**

**Violation of 15 U.S.C. § 1681i(a)**

139. Plaintiff re-alleges and incorporates paragraphs 1 through 138 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 139, Chase adopts by reference its statements in answer to the allegations that Paragraph 139 realleges and incorporates.

140. Plaintiff disputed inaccurate or misleading information in Plaintiff's Experian file regarding the tradelines identified in Paragraph 46 and elsewhere in this Complaint.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore denies same.

141. Experian was required to conduct a reasonable reinvestigation. 15 U.S.C. § 1681i(a).

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

142. Upon information and belief, Experian conducted reinvestigations but verified or continued to report the disputed tradelines as accurate.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

143. Experian's reinvestigation was unreasonable because it failed to correct or delete inaccurate or materially misleading fields identified in Plaintiff's disputes.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

144. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

**FURNISHER COUNTS (SEPARATE PER DEFENDANT)**

**COUNT VII - U.S. BANK N.A.**

**Violation of 15 U.S.C. § 1681s-2(b)**

145. Plaintiff re-alleges and incorporates paragraphs 1 through 144 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 145, Chase adopts by reference its statements in answer to the allegations that Paragraph 145 realleges and incorporates.

146. Plaintiff disputed the U.S. Bank tradeline(s) with one or more CRAs.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore denies same.

147. Equifax issued Confirmation No. 5164507616 verifying U.S. Bank account *8629 as reported correctly.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and therefore denies same.

148. Upon information and belief, Equifax transmitted Plaintiff's dispute to U.S. Bank pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and therefore denies same.

149. TransUnion also listed U.S. Bank #300109**** as "Verified as Accurate and Updated" on June 27, 2025.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore denies same.

150. Upon information and belief, TransUnion transmitted Plaintiff's dispute to U.S. Bank pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies same.

151. Upon information and belief, Experian also transmitted Plaintiff's dispute to U.S. Bank pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and therefore denies same.

152. After receiving notice of Plaintiff's dispute from one or more CRAs, U.S. Bank was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

**ANSWER:** Chase states that the allegations in this paragraph do not constitute allegations against Chase and no response is required. To the extent a response is necessary, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

153. U.S. Bank failed to conduct a reasonable investigation.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and therefore denies same.

154. U.S. Bank verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore denies same.

155. U.S. Bank failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and therefore denies same.

156. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and therefore denies same.

## COUNT VIII - CAPITAL ONE, INC.

### Violation of 15 U.S.C. § 1681 s-2(b)

157. Plaintiff re-alleges and incorporates paragraphs 1 through 156 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 157, Chase adopts by reference its statements in answer to the allegations that Paragraph 157 realleges and incorporates.

158. Plaintiff disputed Capital One #415417885138**** with one or more CRAs.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore denies same.

159. TransUnion listed Capital One #415417885138**** as "Verified as Accurate and Updated" on June 27, 2025.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and therefore denies same.

37

160. Upon information and belief, TransUnion transmitted Plaintiff's dispute to Capital One pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and therefore denies same.

161. Upon information and belief, Experian and/or Equifax also transmitted Plaintiff's dispute to Capital One pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and therefore denies same.

162. After receiving notice of Plaintiff's dispute from one or more CRAs, Capital One was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

**ANSWER:** Chase states that the allegations contained in Paragraph 162 are legal conclusions and therefore denies that it requires an answer.

163. Capital One failed to conduct a reasonable investigation.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and therefore denies same.

164. Capital One verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore denies same.

165. Capital One failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore denies same.

166. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore denies same.

## COUNT IX - DISCOVER FINANCIAL SERVICES
### Violation of 15 U.S.C. § 1681s-2(b)

167. Plaintiff re-alleges and incorporates paragraphs 1 through 166 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 167, Chase adopts by reference its statements in answer to the allegations that Paragraph 167 realleges and incorporates.

168. Plaintiff disputed Discover Card #601100750796**** with one or more CRAs.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore denies same.

169. TransUnion listed Discover Card #601100750796**** as "Verified as Accurate and Updated" on June 27, 2025.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore denies same.

170. Upon information and belief, TransUnion transmitted Plaintiff's dispute to Discover pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore denies same.

171. Upon information and belief, Experian and/or Equifax also transmitted Plaintiff's dispute to Discover pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and therefore denies same.

172. After receiving notice of Plaintiff's dispute from one or more CRAs, Discover was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

**ANSWER:** Chase states that the allegations contained in Paragraph 172 are legal conclusions and therefore denies that it requires an answer.

173. Discover failed to conduct a reasonable investigation.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and therefore denies same.

174. Discover verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore denies same.

175. Discover failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and therefore denies same.

176. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore denies same.

**COUNT X — JPMORGAN CHASE BANK, N.A.**

**Violation of 15 U.S.C. § 1681s-2(b)**

177. Plaintiff re-alleges and incorporates paragraphs 1 through 176 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 177, Chase adopts by reference its statements in answer to the allegations that Paragraph 177 realleges and incorporates.

178. Plaintiff disputed JPMCB Card Services #464018212735**** with one or more CRAs.

**ANSWER:** Chase states that the allegations contained in Paragraph 178 are legal conclusions and therefore denies that it requires an answer.

179. TransUnion listed JPMCB Card Services #464018212735**** as "Verified as Accurate and Updated" on June 27, 2025.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and therefore denies same.

180. Upon information and belief, TransUnion transmitted Plaintiff's dispute to Chase pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase admits that it received an ACDV from TransUnion on or about June 13, 2025.

181. Upon information and belief, Experian and/or Equifax also transmitted Plaintiff's dispute to Chase pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase states that it has not located in its an ACDV from Experian or Equifax related to Plaintiff's June 2025 dispute.

182. After receiving notice of Plaintiff's dispute from one or more CRAs, Chase was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

**ANSWER:** Chase states that the allegations contained in Paragraph 182 are legal conclusions and therefore denies that it requires an answer.

183. Chase failed to conduct a reasonable investigation.

**ANSWER:** Chase denies the allegations in Paragraph 183.

184. Chase verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and therefore denies same.

185. Chase failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

**ANSWER:** Chase denies the allegations in Paragraph 185.

186. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase denies the allegations in Paragraph 186.

**COUNT XI - MIDLAND CREDIT MANAGEMENT, INC.**

**Violation of 15 U.S.C. § 1681s-2(b)**

187. Plaintiff re-alleges and incorporates paragraphs 1 through 186 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 187, Chase adopts by reference its statements in answer to the allegations that Paragraph 187 realleges and incorporates.

188. Plaintiff disputed Midland Credit Management Inc. #32978**** with one or more CRAs.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and therefore denies same.

189. TransUnion listed Midland Credit Management Inc. #32978**** as "Verified as Accurate and Updated" on June 27, 2025.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and therefore denies same.

190. Upon information and belief, TransUnion transmitted Plaintiff's dispute to Midland pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and therefore denies same.

191. Upon information and belief, Experian and/or Equifax also transmitted Plaintiff's dispute to Midland pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and therefore denies same.

192. After receiving notice of Plaintiff's dispute from one or more CRAs, Midland was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

**ANSWER:** Chase states that the allegations contained in Paragraph 192 are legal conclusions and therefore denies that it requires an answer.

193. Midland failed to conduct a reasonable investigation.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and therefore denies same.

194. Midland verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies same.

195. Midland failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and therefore denies same.

196. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and therefore denies same.

**COUNT XII - WELLS FARGO BANK, N.A.**

**Violation of 15 U.S.C. § 1681s-2(b)**

197. Plaintiff re-alleges and incorporates paragraphs 1 through 196 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 197, Chase adopts by reference its statements in answer to the allegations that Paragraph 197 realleges and incorporates.

198. Plaintiff disputed Wells Fargo #446542036581**** with one or more CRAs.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and therefore denies same.

199. TransUnion listed Wells Fargo #446542036581**** as "Verified as Accurate and Updated" on June 27, 2025.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and therefore denies same.

200. Upon information and belief, TransUnion transmitted Plaintiff's dispute to Wells Fargo pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and therefore denies same.

201. Upon information and belief, Experian and/or Equifax also transmitted Plaintiff's dispute to Wells Fargo pursuant to 15 U.S.C. § 1681i(a)(2).

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and therefore denies same.

202. After receiving notice of Plaintiff's dispute from one or more CRAs, Wells Fargo was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

**ANSWER:** Chase states that the allegations contained in Paragraph 202 are legal conclusions and therefore denies that it requires an answer.

203. Wells Fargo failed to conduct a reasonable investigation.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and therefore denies same.

204. Wells Fargo verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and therefore denies same.

205. Wells Fargo failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and therefore denies same.

206. As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and therefore denies same.

**DAMAGES COUNTS (FCRA REMEDIES)**

**COUNT XIII - WILLFUL NONCOMPLIANCE**

**15 U.S.C. § 1681n**

207. Plaintiff re-alleges and incorporates paragraphs 1 through 206 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 207, Chase adopts by reference its statements in answer to the allegations that Paragraph 207 realleges and incorporates.

208. Defendants' violations of the FCRA were willful.

**ANSWER:** Chase denies the allegations in Paragraph 207.

209. Defendants acted in reckless disregard of Plaintiff's rights under the FCRA.

**ANSWER:** Chase denies the allegations in Paragraph 208.

210. Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

**ANSWER:** Chase denies the allegations in Paragraph 209.

211. Plaintiff is entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

**ANSWER:** Chase denies the allegations in Paragraph 210.

212. Plaintiff is entitled to costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3).

**ANSWER:** Chase denies the allegations in Paragraph 212.

**COUNT XIV - NEGLIGENT NONCOMPLIANCE**

**15 U.S.C. § 1681o**

213. Plaintiff re-alleges and incorporates paragraphs 1 through 212 as if fully set forth herein.

**ANSWER:** For its answer to Paragraph 213, Chase adopts by reference its statements in answer to the allegations that Paragraph 213 realleges and incorporates.

214. In the alternative to willfulness, Defendants' violations of the FCRA were negligent.

**ANSWER:** Chase denies the allegations in Paragraph 214.

215. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

**ANSWER:** Chase denies the allegations in Paragraph 215.

216. Plaintiff is entitled to costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

**ANSWER:** Chase denies the allegations in Paragraph 216.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants and award:

217. Actual damages in an amount to be determined at trial.

**ANSWER:** Chase denies the allegations in Paragraph 217.

218. Statutory damages as permitted by 15 U.S.C. § 1681n.

**ANSWER:** Chase denies the allegations in Paragraph 218.

219. Punitive damages as permitted by 15 U.S.C. § 1681n.

**ANSWER:** Chase denies the allegations in Paragraph 219.

220. Costs of suit and reasonable attorney's fees as permitted by 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:** Chase denies the allegations in Paragraph 220.

221. Such other and further relief as the Court deems just and proper.

**ANSWER:** Chase denies that Plaintiff is entitled to any other relief as to Chase.

### JURY DEMAND

222. Plaintiff demands trial by jury on all issues so triable.

**ANSWER:** Chase admits that Plaintiff demands trial by jury on all issues so triable.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

Chase gives notice that it may rely upon the following affirmative defenses. Chase does not hereby assume the burden of proof on such defenses that would otherwise rest on Plaintiff. Chase reserves the right to amend its Answer and add other defenses as may become apparent through additional investigation and/or discovery.

### First Defense

The Complaint fails to state a claim against Chase upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of *in pari delicto*, unclean hands, laches, waiver, and/or estoppel.

### Third Defense

An award of punitive damages under the circumstances of this case would be unconstitutional.

### Fourth Defense

Plaintiff has not sufficiently alleged, and cannot establish, malice, willfulness, or negligence on the part of Chase and therefore cannot meet the requirements to recover statutory or punitive damages against Chase pursuant to 15 U.S.C. §§ 1681n and 1681o.

### Fifth Defense

In the event Plaintiff establishes Chase violated the FCRA (Chase did not), Plaintiff cannot establish a willful violation because Chase's interpretation of the FCRA is not objectively unreasonable. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

### Sixth Defense

At all times relevant hereto, Chase acted in full compliance with the FCRA and all other applicable laws, and is entitled to each and every defense stated in the FCRA and any and all limitations of liability under common law.

### Seventh Defense

At all relevant times, Chase acted reasonably, and acted in the utmost good faith and in the belief that its conduct was lawful and proper under the circumstances, and that it performed in a lawful manner.

## Eighth Defense

To the extent Plaintiff sustained damages in this matter, which Chase denies, said damages were caused by the acts/omissions committed by Plaintiff and/or other entities or parties over whom Chase had no control or right of control.

## Ninth Defense

Chase, at all material times, maintained reasonable procedures to confirm the accuracy of the furnishing of data for Plaintiff's account.

## Tenth Defense

Plaintiff lacks standing to pursue a claim under the Fair Credit Reporting Act because he has not suffered any injury or actual damages.

## Eleventh Defense

Plaintiff has failed to take steps to mitigate his damages.

## Twelfth Defense

Plaintiff's claims are barred in whole or in part by 15 U.S.C. §§ 1681h(e) and/or 1681t. Plaintiff's claims against Chase are barred because the furnishing of data for Plaintiff's account was true and accurate.

## Thirteenth Defense

Plaintiff's claims are baseless because the Complaint fails to allege facts sufficient to demonstrate that any act, omission, or breach by Chase caused Plaintiff any alleged damages.

**Fourteenth Defense**

The FCRA does not provide a private right of action for the furnishing of inaccurate information and, although they are framed as claims regarding an investigation, Plaintiff's claims are in fact based on the furnishing of information.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. respectfully requests that this Court enter judgment in its favor as follows:

1.  Dismissal of Plaintiff's claims against Defendant Chase with prejudice;

2.  Award of costs and attorneys' fees to Defendant Chase as allowed by law; and

Award Defendant Chase such other just and equitable relief as appropriate

Dated:  May 8, 2026                  **DYKEMA GOSSETT PLLC**

By: */s/ Kristina H. Kaluza*
Kristina H. Kaluza (#0390899)
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel:  (612) 486-1900
Fax:  (855) 227-5097
kkaluza@dykema.com

*Attorneys for Defendant Chase Bank, N.A.*