UNITED STATES DISTRICT COURT
IN THE DISTRICT OF MINNESOTA

SHAWNEE HUIE,

        Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, et al.,

        Defendant.

Case No. 0:26-cv-01603-JWB-DLM

DEFENDANT MIDLAND CREDIT MANAGEMENT'S ANSWER TO COMPLAINT

Defendant Midland Credit Management, Inc. ("MCM") files this Answer to Plaintiff Shawnee Huie's ("Plaintiff") Complaint and, where not expressly admitted herein, generally and specifically denies each and every allegation of the Complaint as follows, with the headings and paragraph numbers 1 to 222 corresponding with those in the Complaint. Any allegation not expressly admitted herein is denied.

**I.
ORIGINAL ANSWER**

**INTRODUCTION**

1.     MCM acknowledges that Plaintiff brings this action under the FCRA, but denies any and all liability to Plaintiff under the FCRA, or any other statute, law, or theory.

2.     MCM admits that its principal place of business is at 8000 Norman Center Drive, Suite 350, Bloomington, MN 55437. The remaining allegations in Paragraph 2 contain conclusions of law to which no response is required. To the extent any response is required, MCM denies same.

1

3. MCM denies the allegations contained in Paragraph 3.

4. MCM denies the allegations contained in Paragraph 4.

5. MCM acknowledges that Plaintiff seeks relief under 15 U.S.C. §§ 1681n and 1681o, but denies she is entitled to the same.

## JURISDICTION AND VENUE

6. MCM denies the allegations in Paragraph 6 as calling for a legal conclusion. MCM leaves all matters of jurisdiction to the Court. MCM denies any and all liability to Plaintiff under the FCRA or any other statute, law, or theory.

7. MCM denies the allegations in Paragraph 7 as calling for a legal conclusion. MCM leaves all matters of venue to the Court. MCM denies any and all liability to Plaintiff under the FCRA or any other statute, law, or theory.

## PARTIES

8. The allegations in Paragraph 8 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the same.

9. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them and demands strict proof thereof.

10. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them and demands strict proof thereof.

11. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them and demands strict proof thereof.

12. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them and demands strict proof thereof.

13. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them and demands strict proof thereof.

14. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them and demands strict proof thereof.

15. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them and demands strict proof thereof.

16. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them and demands strict proof thereof.

17. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them and demands strict proof thereof.

18. The allegations in Paragraph 18 are conclusions of law to which no response is required. To the extent a response is required, MCM denies the same.

19. MCM admits that its principal place of business is located at 350 Camino De La Reina, Suite 100, San Diego, California 92108.

20. MCM admits that its registered agent for service of process in Minnesota is Corporation Service Company, 2780 Snelling Avenue N, Suite 101, Roseville, Minnesota 55113.

21. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them and demands strict proof thereof.

22. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them and demands strict proof thereof.

23. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them and demands strict proof thereof.

24. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them and demands strict proof thereof.

25. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them and demands strict proof thereof.

26.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them and demands strict proof thereof.

27.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them and demands strict proof thereof.

28.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them and demands strict proof thereof.

29.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them and demands strict proof thereof.

30.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them and demands strict proof thereof.

31.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them and demands strict proof thereof.

32.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them and demands strict proof thereof.

33. MCM admits that it furnished information regarding Plaintiff's account, but denies that such furnishing was improper or in violation of the FCRA or any other statute, law, or theory. MCM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore denies them and demands strict proof thereof.

34. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies them and demands strict proof thereof.

## FACTUAL ALLEGATIONS

35. MCM re-alleges and incorporates paragraphs 1 to 34 as if fully set forth herein.

36. MCM denies the allegations contained in Paragraph 36.

37. MCM states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith.

38. MCM states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith.

39. MCM states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith.

40. MCM states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith.

41. The allegations in Paragraph 41 are conclusions of law to which no response is required. To the extent a response is required, MCM denies the same.

42. MCM denies the allegations contained in Paragraph 42.

43. MCM admits that it furnished information regarding Plaintiff's account and marked it as disputed. MCM denies the remaining allegations in Paragraph 43.

44. MCM acknowledges that Plaintiff is claiming concrete harms, but denies that such claim has merit and further denies any remaining allegations contained in Paragraph 44.

## PLAINTIFF'S JUNE 5, 2025 DISPUTES AND CERTIFIED MAIL NOTICE

45. MCM re-alleges and incorporates paragraphs 1 to 44 as if fully set forth herein.

46. MCM admits that Plaintiff mailed it a written dispute, but denies that such dispute specified what information was allegedly inaccurate. MCM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies them and demands strict proof thereof.

47. MCM states that the referenced document speaks for itself and denies any allegation or characterization inconsistent therewith.

48. MCM states that the referenced document speaks for itself and denies any allegation or characterization inconsistent therewith.

49. MCM admits that the dispute letter it received was sent using USPS Certified Mail.

50. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them and demands strict proof thereof.

51. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies them and demands strict proof thereof.

52. MCM admits that it received a written dispute from Plaintiff that was dated June 5, 2025 via USPS Certified Mail and that Plaintiff's account number with MCM is #32978****. MCM denies any remaining allegations contained in Paragraph 52.

53. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them and demands strict proof thereof.

54. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them and demands strict proof thereof.

55. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them and demands strict proof thereof.

56. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them and demands strict proof thereof.

57. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them and demands strict proof thereof.

58.    MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them and demands strict proof thereof.

**CRA REINVESTIGATION RESULTS (EQUIFAX AND TRANSUNION) AND TRANSMISSION TO FURNISHERS**

59.    MCM re-alleges and incorporates paragraphs 1 to 58 as if fully set forth herein.

**A.    Equifax Reinvestigation (U.S. Bank)**

60.    MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies them and demands strict proof thereof.

61.    MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them and demands strict proof thereof.

62.    MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them and demands strict proof thereof.

63.    MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them and demands strict proof thereof.

64.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them and demands strict proof thereof.

65.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them and demands strict proof thereof.

66.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies them and demands strict proof thereof.

67.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them and demands strict proof thereof.

**B.      TransUnion Reinvestigation (Multiple Furnishers)**

68.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them and demands strict proof thereof.

69.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them and demands strict proof thereof.

70.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them and demands strict proof thereof.

71.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them and demands strict proof thereof.

72.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them and demands strict proof thereof.

73.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them and demands strict proof thereof.

74.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them and demands strict proof thereof.

75.   MCM admits that Plaintiff's account number with MCM is #32978****.

76.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them and demands strict proof thereof.

77.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies them and demands strict proof thereof.

78.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them and demands strict proof thereof.

79. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them and demands strict proof thereof.

80. MCM admits that it verified that Plaintiff's account was accurate. MCM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and therefore denies them and demands strict proof thereof.

**C.   Experian Reinvestigation (Pled on Information and Belief)**

81. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies them and demands strict proof thereof.

82. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies them and demands strict proof thereof.

83. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them and demands strict proof thereof.

84. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore denies them and demands strict proof thereof.

85. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies them and demands strict proof thereof.

## ADVERSE ACTIONS AND DAMAGES

86.     MCM re-alleges and incorporates paragraphs 1 to 85 as if fully set forth herein.

87.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies them and demands strict proof thereof.

88.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies them and demands strict proof thereof.

89.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies them and demands strict proof thereof.

90.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them and demands strict proof thereof

91.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them and demands strict proof thereof.

92.     MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies them and demands strict proof thereof.

13

93.    MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies them and demands strict proof thereof.

94.    MCM acknowledges that Plaintiff is claiming damages, including emotional distress, but denies that such claim has merit and further denies any remaining allegations contained in Paragraph 94.

95.    The allegations contained in Paragraph 95 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

96.    The allegations contained in Paragraph 96 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## CLAIMS FOR RELIEF

## COUNT I – TRANS UNION LLC

**Violation of 15 U.S.C. § 1681e(b) (Failure to Follow Reasonable Procedures)**

97.    MCM re-alleges and incorporates Paragraphs 1 to 96 as if fully set forth herein.

98.    The allegations contained in Paragraph 98 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

99.    MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies them and demands strict proof thereof.

100.    The allegations contained in Paragraph 100 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

14

101.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies them and demands strict proof thereof.

102.   The allegations contained in Paragraph 102 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

103.   The allegations contained in Paragraph 103 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

104.   The allegations contained in Paragraph 104 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

<h2 style="text-align:center">COUNT II – TRANS UNION LLC</h2>

**Violation of 15 U.S.C. § 1681i(a) (Failure to Conduct Reasonable Investigation)**

105.   MCM re-alleges and incorporates Paragraphs 1 to 104 as if fully set forth herein.

106.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore denies them and demands strict proof thereof.

107.   The allegations contained in Paragraph 107 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

108.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore denies them and demands strict proof thereof.

109. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies them and demands strict proof thereof.

110. The allegations contained in Paragraph 110 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

111. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore denies them and demands strict proof thereof.

112. The allegations contained in Paragraph 112 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## COUNT III – EQUIFAX INFORMATION SERVICES, LLC

### Violation of 15 U.S.C. § 1681e(b)

113. MCM re-alleges and incorporates Paragraphs 1 to 112 as if fully set forth herein.

114. The allegations contained in Paragraph 114 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

115. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore denies them and demands strict proof thereof.

116. The allegations contained in Paragraph 116 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

117. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and therefore denies them and demands strict proof thereof.

118. The allegations contained in Paragraph 118 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

119. The allegations contained in Paragraph 119 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

120. The allegations contained in Paragraph 120 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## COUNT IV – EQUIFAX INFORMATION SERVICES, LLC

### Violation of 15 U.S.C. § 1681i(a)

121. MCM re-alleges and incorporates Paragraphs 1 to 120 as if fully set forth herein.

122. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore denies them and demands strict proof thereof.

123. The allegations contained in Paragraph 123 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

124. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore denies them and demands strict proof thereof.

125.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and therefore denies them and demands strict proof thereof.

126.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and therefore denies them and demands strict proof thereof.

127.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and therefore denies them and demands strict proof thereof.

128.   The allegations contained in Paragraph 128 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

129.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and therefore denies them and demands strict proof thereof.

130.   The allegations contained in Paragraph 130 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## COUNT V – EXPERIAN INFORMATION SOLUTIONS, INC.

### Violation of 15 U.S.C. § 1681e(b)

131.   MCM re-alleges and incorporates Paragraphs 1 to 130 as if fully set forth herein.

132.   The allegations contained in Paragraph 132 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

18

133.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore denies them and demands strict proof thereof.

134.   The allegations contained in Paragraph 134 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

135.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and therefore denies them and demands strict proof thereof.

136.   The allegations contained in Paragraph 136 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

137.   The allegations contained in Paragraph 137 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

138.   The allegations contained in Paragraph 138 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## COUNT VI – EXPERIAN INFORMATION SOLUTIONS, INC.

### Violation of 15 U.S.C. § 1681i(a)

139.   MCM re-alleges and incorporates Paragraphs 1 to 138 as if fully set forth herein.

140.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore denies them and demands strict proof thereof.

141. The allegations contained in Paragraph 141 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

142. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and therefore denies them and demands strict proof thereof.

143. The allegations contained in Paragraph 143 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

144. The allegations contained in Paragraph 144 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## FURNISHER COUNTS (SEPARATE PER DEFENDANT)

## COUNT VII – U.S. BANK

## Violation of 15 U.S.C. § 1681s-2(b)

145. MCM re-alleges and incorporates Paragraphs 1 to 144 as if fully set forth herein.

146. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore denies them and demands strict proof thereof.

147. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and therefore denies them and demands strict proof thereof.

148.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and therefore denies them and demands strict proof thereof.

149.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore denies them and demands strict proof thereof.

150.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies them and demands strict proof thereof.

151.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and therefore denies them and demands strict proof thereof.

152.   The allegations contained in Paragraph 152 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

153.   The allegations contained in Paragraph 153 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

154.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore denies them and demands strict proof thereof.

155.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and therefore denies them and demands strict proof thereof.

156. The allegations contained in Paragraph 156 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## COUNT VIII – CAPITAL ONE, INC.

### Violation of 15 U.S.C. § 1681s-2(b)

157. MCM re-alleges and incorporates Paragraphs 1 to 156 as if fully set forth herein.

158. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore denies them and demands strict proof thereof.

159. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and therefore denies them and demands strict proof thereof.

160. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and therefore denies them and demands strict proof thereof.

161. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and therefore denies them and demands strict proof thereof.

162. The allegations contained in Paragraph 162 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

163. The allegations contained in Paragraph 163 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

164.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore denies them and demands strict proof thereof.

165.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore denies them and demands strict proof thereof.

166.   The allegations contained in Paragraph 166 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## COUNT IX – DISCOVER FINANCIAL SERVICES

### Violation of 15 U.S.C. § 1681s-2(b)

167.   MCM re-alleges and incorporates Paragraphs 1 to 166 as if fully set forth herein.

168.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore denies them and demands strict proof thereof.

169.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore denies them and demands strict proof thereof.

170.   MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore denies them and demands strict proof thereof.

171. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and therefore denies them and demands strict proof thereof.

172. The allegations contained in Paragraph 172 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

173. The allegations contained in Paragraph 173 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

174. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore denies them and demands strict proof thereof.

175. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and therefore denies them and demands strict proof thereof.

176. The allegations contained in Paragraph 176 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## COUNT X – JPMORGAN CHASE BANK, N.A.

### Violation of 15 U.S.C. § 1681s-2(b)

177. MCM re-alleges and incorporates Paragraphs 1 to 176 as if fully set forth herein.

178. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and therefore denies them and demands strict proof thereof.

179. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and therefore denies them and demands strict proof thereof.

180. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and therefore denies them and demands strict proof thereof.

181. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and therefore denies them and demands strict proof thereof.

182. The allegations contained in Paragraph 182 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

183. The allegations contained in Paragraph 183 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

184. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and therefore denies them and demands strict proof thereof.

185. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and therefore denies them and demands strict proof thereof.

186. The allegations contained in Paragraph 186 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## COUNT XI – MIDLAND CREDIT MANAGEMENT, INC.

### Violation of 15 U.S.C. § 1681s-2(b)

187. MCM re-alleges and incorporates Paragraphs 1 to 186 as if fully set forth herein.

188. MCM admits that Plaintiff disputed her account with MCM.

189. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and therefore denies them and demands strict proof thereof.

190. MCM admits that it received a dispute through TransUnion. MCM denies any remaining allegations contained in Paragraph 190.

191. MCM admits that it received a dispute through TransUnion. MCM denies any remaining allegations contained in Paragraph 191.

192. The allegations contained in Paragraph 192 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

193. The allegations contained in Paragraph 193 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

194. MCM denies the allegations contained in Paragraph 194.

195. MCM denies the allegations contained in Paragraph 195.

196. The allegations contained in Paragraph 186 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## COUNT XII – WELLS FARGO BANK, N.A.

### Violation of 15 U.S.C. § 1681s-2(b)

197.  MCM re-alleges and incorporates Paragraphs 1 to 196 as if fully set forth herein.

198.  MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and therefore denies them and demands strict proof thereof.

199.  MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and therefore denies them and demands strict proof thereof.

200.  MCM admits that it received a dispute through TransUnion. MCM denies any remaining allegations contained in Paragraph 200.

201.  MCM admits that it received a dispute through TransUnion. MCM denies any remaining allegations contained in Paragraph 201.

202.  The allegations contained in Paragraph 202 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

203.  The allegations contained in Paragraph 203 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

204.  MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and therefore denies them and demands strict proof thereof.

205. MCM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and therefore denies them and demands strict proof thereof.

206. The allegations contained in Paragraph 206 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

## DAMAGES COUNTS (FCRA REMEDIES)

## COUNT XIII – WILLFUL NONCOMPLIANCE

207. MCM re-alleges and incorporates Paragraphs 1 to 206 as if fully set forth herein.

208. The allegations contained in Paragraph 208 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

209. The allegations contained in Paragraph 209 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

210. MCM acknowledges that Plaintiff is claiming statutory damages, but denies that such claim has merit and further denies any remaining allegations contained in Paragraph 210.

211. MCM acknowledges that Plaintiff is claiming punitive damages, but denies that such claim has merit and further denies any remaining allegations contained in Paragraph 211.

212. MCM acknowledges that Plaintiff is claiming attorney's fees and costs, but denies that such claim has merit and further denies any remaining allegations contained in Paragraph 212.

**COUNT XIIV – NEGLIGENT NONCOMPLIANCE**

213.   MCM re-alleges and incorporates Paragraphs 1 to 212 as if fully set forth herein.

214.   The allegations contained in Paragraph 214 are conclusions of law to which no response is required. To the extent any response is required, MCM denies the same.

215.   MCM acknowledges that Plaintiff is claiming actual damages, but denies that such claim has merit and further denies any remaining allegations contained in Paragraph 215.

216.   MCM acknowledges that Plaintiff is claiming attorney's fees and costs, but denies that such claim has merit and further denies any remaining allegations contained in Paragraph 216.

**PRAYER FOR RELIEF**

217.   MCM denies that Plaintiff is entitled to any of the relief sought in Paragraph 217.

218.   MCM denies that Plaintiff is entitled to any of the relief sought in Paragraph 218.

219.   MCM denies that Plaintiff is entitled to any of the relief sought in Paragraph 219.

220.   MCM denies that Plaintiff is entitled to any of the relief sought in Paragraph 220.

221.   MCM denies that Plaintiff is entitled to any of the relief sought in Paragraph 221.

**JURY DEMAND**

222. MCM acknowledges that Plaintiff has demanded a jury trial.

**II.**
**AFFIRMATIVE DEFENSES**

223. As a separate, affirmative defense, MCM alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

224. As a separate, affirmative defense, MCM alleges that Plaintiff's claims are barred, in whole or in part, by lack of standing, lack of any injury in fact, lack of actual damages, and/or lack of any cognizable damages and/or injuries.

225. As a separate, affirmative defense, MCM alleges that MCM substantially complied with all applicable provisions of the FCRA and any other relevant statutes or regulations.

226. As a separate, affirmative defense, MCM alleges that if any violation occurred, which MCM denies, such violation was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. MCM also alleges that any alleged continuation of litigation after Plaintiff disputed liability, if mistaken, was unintentional and occurred despite reasonable policies, procedures, and safeguards.

227. As a separate, affirmative defense, MCM alleges that it maintained and followed reasonable procedures to ensure the accuracy of the information reported, and any alleged inaccuracy occurred despite such procedures.

228.   As a separate, affirmative defense, MCM alleges that Plaintiff's claims are barred because the information reported by Defendant was factually and legally accurate, or substantially truthful, at the time it was reported.

229.   As a separate, affirmative defense, MCM alleges that at no time did it willfully or recklessly violate any provision of the FCRA. Plaintiff is therefore not entitled to statutory or punitive damages under 15 U.S.C. § 1681n.

230.   As a separate, affirmative defense, MCM alleges that Plaintiff's recovery, if any, must be reduced or barred because Plaintiff failed to exercise reasonable care to mitigate any alleged damages, including but not limited to failing to timely notify MCM of the alleged errors or failing to provide documentation to substantiating the dispute.

### III.
### RESERVATION OF RIGHTS

231.   MCM reserves the right to amend its Answer and to allege and assert any additional and/or further affirmative defenses and/or claims as may become available and/or apparent during the course of this litigation.

### IV.
### PRAYER FOR RELIEF

WHEREFORE, MCM prays for a judgment in its favor, for a dismissal of the Complaint with prejudice, for its attorney's fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

31

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: May 9, 2026          By: */s/ Patrick D. Newman*
                               Patrick D. Newman (MN#395864)
                               100 South Fifth Street, Suite 1500
                               Minneapolis, MN  55402
                               Telephone: (612) 333-3000
                               Facsimile: (612) 333-8829
                               Email:  pnewman@bassford.com

                               *Attorneys for Midland Credit Management, Inc.*

32