UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

Court File No. 26-cv-01603-JWB/DLM

Shawnee Huie, Plaintiff,

v.

Trans Union LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC; JPMorgan Chase Bank, N.A.; Midland Credit Management, Inc.; Wells Fargo Bank N.A.; U.S. Bank N.A.; Discover Financial Services; and Capital One Inc., Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S NOTICE OF JOINDER IN U.S. BANK'S MOTION TO DISMISS**

## INTRODUCTION

Experian Information Solutions, Inc. ("Experian") did not file its own motion to dismiss. It filed a one-page Notice of Joinder (ECF 43) purporting to adopt the motion and memorandum filed by co-defendant U.S. Bank N.A. (ECF 35, 37). Experian's joinder fails for two independent reasons. First, Experian did not conduct a meet and confer with Plaintiff before filing, in violation of Local Rule 7.1(a) -- the same deficiency for which this Court struck Midland Credit Management's motion to dismiss one day earlier. See ECF 34. Second, even on the merits, Experian's joinder is legally defective: it adopts arguments tailored to a furnisher's duties under 15 U.S.C. § 1681s-2(b) and attempts to apply them to Experian, which is sued as a consumer reporting agency ("CRA") under 15 U.S.C. §§ 1681e(b) and 1681i -- entirely different statutory provisions with different elements. Experian's joinder should be stricken or, in the alternative, denied.

Furthermore, Experian's continued reporting of the Rushmore Loan Management Services account (Account No. 102760XXXXXXX) on Plaintiff's May 4, 2026 Experian credit report -- despite documented evidence of fraud in the underlying loan documents and years of disputes -- demonstrates precisely the kind of unreasonable reinvestigation and willful noncompliance that makes dismissal inappropriate here.

## BACKGROUND

### A. Experian's Failure to Conduct a Meet and Confer

On May 7, 2026, this Court issued an order striking Midland Credit Management's Motion to Dismiss (ECF 29), finding it was "STRICKEN WITHOUT PREJUDICE for failure to comply with Local Rule 7.1(a)." ECF 34 (Order of Judge Jerry W. Blackwell, dated May 7, 2026).

One day later, on May 8, 2026, Experian filed its Notice of Joinder. ECF 43. Experian did not conduct a meet and confer with Plaintiff prior to filing. Experian's counsel, Lauren Lacy of Troutman Pepper Locke, cannot have been unaware of that order, as Troutman Pepper Locke was

already actively participating in this litigation when Judge Blackwell issued it on May 7, 2026. The meet and confer conducted by U.S. Bank regarding U.S. Bank's motion (ECF 39) was not a meet and confer by Experian regarding Experian's joinder. Experian is a separate defendant with separate claims against it. Local Rule 7.1(a) requires a meet and confer for each motion filed -- and Experian's joinder is a separate motion event requiring independent compliance.

**B. Experian's Claims in This Case**

Plaintiff's Complaint asserts two claims against Experian, both arising from Experian's role as a CRA -- not a furnisher. Count V alleges Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy. ECF 1, ¶¶ 131-138. Count VI alleges Experian violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation of Plaintiff's disputes. ECF 1, ¶¶ 139-144. Neither count arises under 15 U.S.C. § 1681s-2(b), which governs furnisher duties -- the statute under which U.S. Bank is sued.

**C. The Rushmore Account: Documented Fraud That Experian Continues to Report**

Among the tradelines Experian continues to report on Plaintiff's consumer file is Rushmore Loan Management Services, Account No. 102760XXXXXXX -- still appearing on Plaintiff's Experian credit report as of May 4, 2026, notwithstanding documented evidence of fraud in the underlying loan documents and years of disputes by Plaintiff.

The original ING Direct loan documents dated January 13, 2011 -- the note bears a signature in the borrower's signature block reading "Shawnee Huie by Linda Tetzlaw, her attorney in fact." Plaintiff did not authorize Linda Tetzlaw, or any other person, to execute these documents on her behalf. No power of attorney authorizing Linda Tetzlaw to sign on Plaintiff's behalf has ever been produced by Rushmore, its successor Mr. Cooper, or anyone else.

When Plaintiff specifically asked Rushmore and Mr. Cooper to identify who Linda Tetzlaw is and on what legal authority she signed, their own representative responded in writing: "We would not know that." This is not a minor discrepancy. The servicer of the account -- the entity reporting the tradeline that has devastated Plaintiff's credit for years -- cannot identify or vouch for the person who purportedly executed the loan documents on Plaintiff's behalf.

Despite this, Experian has repeatedly "verified" the Rushmore account as accurate across multiple dispute cycles spanning years. This raises a question that goes to the heart of Plaintiff's FCRA claims: if Experian's verification process repeatedly returned an "accurate" result for an account whose own servicer cannot identify the person who signed the underlying loan documents, what does that reveal about Experian's reinvestigation process?

The answer is that Experian either (1) did not actually investigate -- simply parroting back what Rushmore reported, which is a direct FCRA violation under the reasonable reinvestigation standard, see Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993) -- or (2) did investigate and chose to ignore clear evidence of fraud. Either scenario supports Plaintiff's claims and makes dismissal wholly inappropriate.

Plaintiff further notes that TransUnion permanently deleted the Rushmore tradeline from Plaintiff's consumer file in response to Plaintiff's dispute. Equifax permanently deleted all

disputed tradelines following legal proceedings initiated by Plaintiff. Experian is the only remaining CRA that, upon receiving the same disputes and evidence regarding the Rushmore account, chose to verify and continue reporting it as accurate. The fact that both other major CRAs ultimately concluded that these tradelines warranted permanent deletion is powerful evidence that Experian's verification process is unreliable and that Plaintiff's underlying claims are well-founded.

## ARGUMENT

### I. EXPERIAN'S JOINDER SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH LOCAL RULE 7.1(a).

Local Rule 7.1(a) requires that before filing a motion, the moving party must meet and confer with opposing counsel or the opposing party to attempt to resolve the motion without court intervention. D. Minn. LR 7.1(a). This requirement applies to all motions, including motions to dismiss.

This Court already enforced this rule in this exact case. On May 7, 2026 -- one day before Experian filed its joinder -- Judge Blackwell struck Midland's Motion to Dismiss without prejudice for failure to comply with Local Rule 7.1(a). ECF 34. Experian's counsel cannot have been unaware of that order: Troutman Pepper Locke represents both U.S. Bank and Experian in this matter, and U.S. Bank's meet and confer statement was filed the same day as Experian's joinder. ECF 39, 43.

Experian may argue that U.S. Bank's meet and confer satisfies the requirement. It does not. The meet and confer requirement exists to give Plaintiff a meaningful opportunity to resolve or narrow each specific motion before it is filed. U.S. Bank's meet and confer addressed U.S. Bank's motion, which targets Plaintiff's claims against U.S. Bank as a furnisher under § 1681s-2(b). Experian's joinder affects Plaintiff's separate claims against Experian as a CRA under §§ 1681e(b) and 1681i. These are distinct legal theories against a distinct defendant. Experian never gave Plaintiff the opportunity to confer about its joinder before burdening the Court with motion practice.

Consistent with this Court's order in ECF 34, Experian's joinder should be stricken without prejudice for failure to comply with Local Rule 7.1(a).

### II. ON THE MERITS, EXPERIAN'S JOINDER FAILS BECAUSE IT APPLIES THE WRONG LEGAL STANDARD.

Even if the Court reaches the merits, Experian's joinder is legally defective. U.S. Bank's memorandum (ECF 37) addresses the pleading standard for claims under 15 U.S.C. § 1681s-2(b) -- the furnisher duty statute. Experian's joinder wholesale adopts those arguments. But Plaintiff does not assert a § 1681s-2(b) claim against Experian. Experian is sued as a CRA, not a furnisher.

Section 1681e(b) requires a CRA to "follow reasonable procedures to assure maximum possible accuracy." 15 U.S.C. § 1681e(b). To state a claim, a plaintiff must allege: (1) the CRA prepared a consumer report; (2) the report contained inaccurate information; and (3) the inaccuracy resulted

from the CRA's failure to follow reasonable procedures. Whether a CRA's procedures were reasonable is a fact-intensive inquiry not appropriate for resolution on a motion to dismiss.

Section 1681i requires a CRA to conduct a "reasonable reinvestigation" when a consumer disputes information in their file. To state a claim, a plaintiff must allege: (1) she disputed information in her CRA file; (2) the CRA was required to reinvestigate; and (3) the CRA's reinvestigation was unreasonable. Whether a reinvestigation was reasonable is also typically a fact question. Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993).

Plaintiff's Complaint alleges all of these elements as to Experian. Plaintiff disputed the tradelines identified in Paragraph 46 of the Complaint with Experian. ECF 1, ¶ 140. Experian conducted reinvestigations but verified or continued to report the disputed tradelines as accurate. ECF 1, ¶ 142. Experian's reinvestigation was unreasonable because it failed to correct or delete inaccurate or materially misleading information identified in Plaintiff's disputes. ECF 1, ¶ 143.

The Rushmore tradeline (Account No. 102760XXXXXXX), still appearing on Plaintiff's May 4, 2026 Experian report, illustrates this failure concretely. Experian's repeated "verification" of an account whose originating loan documents were executed by an unidentified third party claiming to be Plaintiff's "attorney in fact" -- with no supporting power of attorney ever produced, and with the servicer itself admitting it cannot identify that person -- cannot constitute a reasonable reinvestigation under § 1681i. Nor is it consistent with reasonable accuracy procedures under § 1681e(b). The fact that TransUnion and Equifax reached the opposite conclusion and permanently deleted this same tradeline only reinforces that Experian's verification process is the outlier -- and that the reasonableness of that process is a fact question that cannot be resolved on a motion to dismiss.

Experian's joinder also does not address Plaintiff's explanation for the information-and-belief allegations regarding Experian's reinvestigation results. Plaintiff alleges that her mail was misdelivered during multiple moves, and she does not presently have physical possession of Experian's written reinvestigation results. ECF 1, ¶ 82. This is a factual explanation for why the Experian-specific allegations are pled on information and belief -- a legitimate basis recognized by courts. Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010).

**III. IN THE ALTERNATIVE, PLAINTIFF REQUESTS LEAVE TO AMEND.**

Should the Court reach the merits and find any deficiency in Plaintiff's claims against Experian, Plaintiff respectfully requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2). Leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff is a pro se litigant, there is no evidence of bad faith or dilatory motive, and U.S. Bank and Experian are represented by the same law firm, Troutman Pepper Locke, and that firm would suffer no prejudice from an amended complaint at this early stage.

**CONCLUSION**

Experian's Notice of Joinder (ECF 43) should be stricken without prejudice for failure to comply with Local Rule 7.1(a), consistent with this Court's May 7, 2026 Order striking Midland's motion for the same reason. ECF 34. In the alternative, the joinder should be denied on the merits because it applies furnisher pleading standards to CRA claims, fails to engage with the separate

statutory framework of 15 U.S.C. §§ 1681e(b) and 1681i, ignores the factual basis for Plaintiff's information-and-belief allegations, and cannot account for Experian's continued reporting of a fraudulent tradeline that two other major CRAs have already permanently deleted.

Dated: May 18, 2026

Respectfully submitted,

/s/ Shawnee Huie

Shawnee Huie, Plaintiff, Pro Se
6417 Penn Ave S Suite 7-144
Minneapolis, MN 55423
Shawnee@LuckyEliza.com
(612) 384-7813

CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, I caused a true and correct copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant Experian Information Solutions, Inc.'s Notice of Joinder in U.S. Bank's Motion to Dismiss to be served upon the following counsel of record via email to lauren.lacey@troutman.com and the Court's CM/ECF electronic filing system:

Lauren Lacy Troutman Pepper Locke LLP Counsel for Defendant Experian Information Solutions, Inc.

And upon all other counsel of record who have appeared in this action via CM/ECF.

Dated: May 18, 2026

/s/ Shawnee Huie

Shawnee Huie, Plaintiff, Pro Se
6417 Penn Ave S
Suite 7-144
Minneapolis, MN 55423
Shawnee@LuckyEliza.com
(612) 384-7813