**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Shawnee Huie,

Plaintiff,

v. **Court File No. 26-cv-01603-JWB/DLM**

Trans Union LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC; JPMorgan Chase Bank, N.A.; Midland Credit Management, Inc.; Wells Fargo Bank N.A.; U.S. Bank N.A.; Discover Financial Services; and Capital One Inc.,

Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## INTRODUCTION

Defendant U.S. Bank National Association ("U.S. Bank") moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to plausibly allege a specific inaccuracy and failed to plausibly allege that U.S. Bank received notice of her disputes from the credit reporting agencies. Both arguments fail. Plaintiff Shawnee Huie filed this action after carefully addressing the pleading deficiencies identified in the dismissal of her prior lawsuit. The Complaint goes materially beyond what was rejected before and satisfies the pleading standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). U.S. Bank's motion should be denied.

## BACKGROUND

### A. The Prior Lawsuit (Huie I)

On October 9, 2025, Plaintiff filed an FCRA action against U.S. Bank and others in this Court (Case No. 25-cv-03885-LMP-DJF). On January 22, 2026, Judge Provinzino dismissed that complaint without prejudice, finding Plaintiff had alleged only in conclusory fashion that Defendants reported "inaccurate, misleading, and incomplete information" without specifying what was inaccurate. *Huie v. Trans Union LLC*, 2026 WL 281454, at *2 (D. Minn. Jan. 22, 2026). The Court also found the bare allegation of CRA-to-furnisher notice was a "naked

assertion" without factual enhancement. *Id.* at *3. Plaintiff took those findings seriously and filed this Complaint on February 23, 2026 with specific allegations designed to cure each deficiency.

**B. This Complaint (Huie II)**

The Complaint asserts a single claim against U.S. Bank under 15 U.S.C. § 1681s-2(b). ECF 1, ¶¶ 145-156. Plaintiff alleges that on June 5, 2025, she mailed written disputes to U.S. Bank via USPS Certified Mail No. 9214 8901 4298 0419 7827 65, identifying specific disputed data fields on U.S. Bank account #300109**** -- including Date Opened, High Credit, Credit Limit, Date Last Active, and Date of Last Payment. ECF 1, ¶¶ 46-51. Equifax issued Confirmation No. 5164507616 on June 17, 2025 reflecting a completed reinvestigation of the U.S. Bank tradeline. ECF 1, ¶¶ 61-67. TransUnion listed U.S. Bank #300109**** as "Verified as Accurate and Updated" on June 27, 2025. ECF 1,¶¶ 68-76. Despite specific disputes identifying inaccurate data fields, U.S. Bank verified the information as accurate without conducting a reasonable investigation. ECF 1, ¶¶ 152-155. Plaintiff suffered denial of a $32,886.36 vehicle loan, was forced to accept financing at 24.99% APR, and experienced housing-related harm. ECF 1, ¶¶ 89-94.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility requires more than a "sheer possibility" but does not demand "detailed factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and draw all reasonable inferences in Plaintiff's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ARGUMENT

### I. THE COMPLAINT PLAUSIBLY ALLEGES INACCURACY IN U.S. BANK'S CREDIT REPORTING.

U.S. Bank argues Plaintiff fails to identify a specific inaccuracy. This argument mischaracterizes the Complaint and ignores the critical differences between this case and Huie I.

In Huie I, the court found Plaintiff alleged only, in conclusory terms, that information was "inaccurate, misleading, and incomplete" -- with no account identified, no data field specified, and no dispute letter described. This Complaint is fundamentally different. Plaintiff alleges: (1) she submitted written disputes on June 5, 2025, via USPS Certified Mail, to U.S. Bank regarding account #300109****, identifying specific disputed data fields including Date Opened, High Credit, Credit Limit, Date Last Active, and Date of Last Payment (ECF 1, ¶¶. 46-51); (2) Plaintiff's disputes "identified specific factual inaccuracies and materially misleading reporting, rather than vague or generalized objections" (ECF 1, ¶ 36); (3) Plaintiff retained copies of those dispute letters and certified mail receipts (ECF 1, ¶ 58); and (4) a tradeline may be "inaccurate" under the FCRA if it is "technically correct but materially misleading in a way that can adversely affect credit decisions" (ECF 1, ¶ 40).

U.S. Bank argues Plaintiff must recite the exact numerical value that should appear in each disputed field. But Rule 8 does not require that level of granularity. What is required is a plausible allegation that inaccurate information existed. Plaintiff has alleged the specific tradeline, the specific account number, the specific data fields, and the documented fact that after her disputes those same fields were "verified as accurate" by the CRAs -- which presupposes they remained in the form Plaintiff disputed. Combined with the concrete financial harm Plaintiff suffered (a denied $32,886.36 loan, 24.99% APR financing, and housing harm), the inference that the disputed fields were inaccurate or materially misleading is not speculative -- it is the most reasonable reading of the facts alleged.

The FCRA recognizes that reporting can be "technically accurate but misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998). Plaintiff's Complaint alleges exactly that kind of harm, tied to exactly the kind of data fields that affect credit scoring and underwriting. ECF 1, ¶¶ 40-41.

The very law firm representing U.S. Bank in this motion has publicly acknowledged that the reasonableness of a reinvestigation is a fact-intensive inquiry that cannot be resolved as a matter of law at the pleading stage. See Troutman Pepper Locke, Reasonable Reinvestigation, Not Legal Adjudication: CRAs and Furnishers under the FCRA (Mar. 10, 2026) (citing Johnson v. Freedom Mortg. Corp., 165 F.4th 1128 (8th Cir. 2026)). U.S. Bank's own counsel cannot credibly argue that reasonableness is resolved at the pleading stage while simultaneously publishing that it is not.

## II. THE FCRA DOES NOT REQUIRE PLAINTIFF TO SUPPLY THE CORRECTED VALUES FOR DISPUTED FIELDS.

U.S. Bank's motion implicitly demands that Plaintiff identify not just what she disputed, but what the correct values should be for each disputed data field. This demand inverts the statutory scheme and finds no support in the text of the FCRA.

The statute imposes the duty to investigate and determine accuracy on the furnisher — not the consumer. Upon receiving notice of a dispute, a furnisher must "conduct an investigation with respect to the disputed information" and "review all relevant information provided by the consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1)(A)-(B). The furnisher must then report the results of that investigation and correct or delete any information it cannot verify. 15 U.S.C. § 1681s-2(b)(1)(C)-(E). At no point does the statute require the consumer to provide the corrected values — because that is the furnisher's job.

Plaintiff's obligation was to identify what she disputed. She did so with specificity: she named the account, identified the disputed data fields, mailed her dispute via certified mail, and retained documentation. What the correct values should be is precisely what a reasonable reinvestigation by U.S. Bank would have uncovered. U.S. Bank cannot simultaneously fail to conduct that investigation and demand that Plaintiff perform it on its behalf.

To hold otherwise would effectively eliminate FCRA furnisher liability at the pleading stage. A consumer rarely has access to a furnisher's internal records, payment histories, or account origination data — the very records a furnisher is obligated to consult during reinvestigation.

Requiring Plaintiff to plead the corrected value of fields like "High Credit" or "Date Last Active" before discovery would reward furnishers who withhold accurate records and punish the consumers the FCRA was enacted to protect.

## III. THE COMPLAINT PLAUSIBLY ALLEGES CRA NOTICE TO U.S. BANK.

U.S. Bank contends Plaintiff's information-and-belief allegations of CRA-to-furnisher notice are insufficient. This argument fails for two independent reasons.

First, pleading on information and belief is proper when the facts are peculiarly within the defendant's knowledge. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). Whether Equifax and TransUnion transmitted Plaintiff's disputes to U.S. Bank via ACDV is information within the exclusive possession of U.S. Bank and the CRAs -- not Plaintiff. Requiring a pro se plaintiff to plead the internal mechanics of a bank's dispute-handling system before discovery would effectively eliminate FCRA furnisher claims at the pleading stage, contrary to the remedial purpose of the statute.

Second, this is not a bare or naked assertion. It is anchored to specific documented facts. Equifax issued Confirmation No. 5164507616 on June 17, 2025, specifically regarding U.S. Bank account *8629, stating the account had been "verified as reported correctly." ECF 1, ¶¶ 61-67. TransUnion issued a reinvestigation result on June 27, 2025, specifically listing U.S. Bank #300109**** as "Verified as Accurate and Updated." ECF 1, ¶¶ 68-76. A CRA can only issue such a reinvestigation result after transmitting the dispute to the furnisher and receiving a response -- that is the statutory mechanism under 15 U.S.C. § 1681i(a)(2). The inference that Equifax and TransUnion transmitted Plaintiff's dispute to U.S. Bank is not speculative; it is the only reasonable inference from the CRAs' own documented actions. This is precisely the inference *Braden* requires the Court to draw in Plaintiff's favor.

In Huie I, notice was alleged with nothing but boilerplate. Here, Plaintiff has grounded her allegations in specific CRA confirmation numbers, specific account numbers, and specific dates. The Huie I deficiency has been cured.

## IV. U.S. BANK'S RELIANCE ON HUIE I IS MISPLACED.

U.S. Bank's motion is largely built on Huie I, suggesting the prior dismissal compels the same result here. It does not. Huie I was dismissed without prejudice -- specifically to allow Plaintiff to cure the identified deficiencies. Plaintiff did exactly that. The Complaint must be evaluated on its own allegations. The differences are material: Huie I had no identified account numbers, no specific data fields, no certified mail tracking numbers, no CRA confirmation numbers, and no reinvestigation result letters. Huie II has all of these. Amendment worked as the system intends.

## V. IN THE ALTERNATIVE, PLAINTIFF REQUESTS LEAVE TO AMEND.

Should the Court find any remaining pleading deficiency, Plaintiff respectfully requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2). Leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Eighth Circuit disfavors dismissal with prejudice without an opportunity to amend where amendment could cure the deficiency. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). There is no bad faith, no prejudice to U.S. Bank at this early stage, and no basis to deny amendment.

## CONCLUSION

Plaintiff's Complaint plausibly alleges that U.S. Bank violated 15 U.S.C. § 1681s-2(b) by verifying inaccurate or materially misleading information without conducting a reasonable investigation, after receiving notice of Plaintiff's disputes from Equifax and TransUnion. The allegations are grounded in specific account numbers, specific disputed data fields, certified mail tracking numbers, and CRA reinvestigation confirmation numbers. The Complaint is not the conclusory pleading rejected in Huie I. U.S. Bank's Motion to Dismiss should be denied in its entirety.

Dated: May 26, 2026

Respectfully submitted,

/s/ Shawnee Huie

Shawnee Huie, Plaintiff, Pro Se
6417 Penn Ave S Suite 7-144
Minneapolis, MN 55423
Shawnee@LuckyEliza.com
(323)940-9979

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2026, I caused a true and correct copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant U.S. Bank National Association's Motion to Dismiss to be served upon the following counsel of record via the Court's CM/ECF electronic filing system:

Gregory Myers Troutman Pepper Locke LLP Counsel for Defendant U.S. Bank N.A.

And upon all other counsel of record who have appeared in this action via CM/ECF.

Dated: May 26, 2026

/s/ Shawnee Huie

Shawnee Huie, Plaintiff, Pro Se
6417 Penn Ave S Suite 7-144
Minneapolis, MN 55423
Shawnee@LuckyEliza.com
(323)940-9979