UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

Shawnee Huie, Plaintiff,

v. Court File No. 26-cv-01603-JWB/DLM

Trans Union LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC; JPMorgan Chase Bank, N.A.; Midland Credit Management, Inc.; Wells Fargo Bank N.A.; U.S. Bank N.A.; Discover Financial Services; and Capital One Inc., Defendants.

**PLAINTIFF'S REPLY TO EXPERIAN'S SUPPLEMENTAL MEET AND CONFER STATEMENT**

Experian Information Solutions, Inc. ("Experian") has filed a supplemental statement noting that a meet and confer between the parties occurred on May 23, 2026 -- after Experian had already filed its Notice of Joinder (ECF 43) and after Plaintiff had already filed her opposition thereto. This post-hoc meet and confer does not cure Experian's violation of Local Rule 7.1(a) and does not provide a basis for the Court to consider the joinder on its merits.

Local Rule 7.1(a) requires meet and confer before filing. The purpose of the rule is to give the opposing party a meaningful opportunity to resolve or narrow the motion before it burdens the Court and the opposing party equally. That opportunity was never given here. By the time Experian requested a meet and confer, this Court had already received and was required to consider a procedurally defective filing, and Plaintiff had already been required to research the applicable legal standards, draft a substantive opposition addressing both the procedural deficiency and the merits, and file that opposition with the Court. Both the Court's resources and Plaintiff's time were needlessly consumed by a motion that should never have been filed. The harm the rule was designed to prevent had already occurred on both fronts.

This Court's order in ECF 34 is instructive. When Midland Credit Management filed its motion to dismiss without conducting a meet and confer, this Court struck it without prejudice -- with no opportunity for retroactive cure. Experian committed the identical violation one day after that order was entered, with full knowledge of its existence. Experian's counsel, Lauren Lacey of Troutman Pepper Locke, was actively participating in this litigation when Judge Blackwell issued ECF 34. There is no principled basis for treating Experian's knowing violation more favorably than Midland's.

A retroactive meet and confer does not undo a Local Rule 7.1(a) violation that has already occurred. It does not restore to this Court the judicial resources already expended reviewing a procedurally defective filing. It does not restore to Plaintiff the time and resources already expended opposing a motion that should never have been filed. And it does not change the fact that Experian filed its joinder with full awareness that this Court had just struck an identical filing the day before — demonstrating that this Court's orders will be enforced and that retroactive cure is not an available remedy.

Consistent with this Court's order in ECF 34, Experian's Notice of Joinder (ECF 43) should be stricken without prejudice.

Dated: May 26, 2026

Respectfully submitted,

/s/ Shawnee Huie

Shawnee Huie, Plaintiff, Pro Se
6417 Penn Ave S Suite 7-144
Minneapolis, MN 55423
Shawnee@LuckyEliza.com
(323)940-9979

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2026, I caused a true and correct copy of the foregoing Plaintiff's Reply to Experian's Supplemental Meet and Confer Statement to be served upon the following counsel of record via the Court's CM/ECF electronic filing system:

Lauren Lacey Troutman Pepper Locke LLP Counsel for Defendant Experian Information Solutions, Inc.

Gregory Myers Troutman Pepper Locke LLP Counsel for Defendant U.S. Bank N.A.

And upon all other counsel of record who have appeared in this action via CM/ECF.

Dated: May 26, 2026

/s/ Shawnee Huie

Shawnee Huie, Plaintiff, Pro Se
6417 Penn Ave S Suite 7-144
Minneapolis, MN 55423
Shawnee@LuckyEliza.com
(323) 940-9979