## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Shawnee Huie,

        Plaintiff,

vs.

TransUnion LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC; JPMorgan Chase Bank, N.A.; Midland Credit Management Inc.; Wells Fargo Bank, N.A.; U.S. Bank, N.A.; Discover Financial Services; Capital One Inc.,

        Defendants.

Case No.: 0:26-cv-01603-JWB/DLM

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant JPMorgan Chase Bank, N.A. ("Chase") submits this Memorandum of Law in Support of its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and requests an order dismissing Plaintiff Shawnee Huie's claims against Chase in her Complaint.

### INTRODUCTION

This Fair Credit Reporting Action follows a prior action that Plaintiff filed in this District against the same parties, based on the same operative facts that alleged substantially similar claims against Chase. *See Huie v. Trans Union LLC*, Case No. 0:25-cv-03885 (LMP/DJF), 2026 U.S. Dist. LEXIS 24634 (D. Minn. Jan. 22, 2026). On January 22, 2026, the Court issued an Order dismissing the Complaint without prejudice, because Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.*

On May 11, 2026, Defendant Midland Credit Management filed its motion seeking dismissal based on the Court's prior dismissal and Plaintiff's failure to correct any defects to state a claim in the current Complaint.  *See* ECF No. 55.  Chase hereby joins Midland's request for dismissal and files this memorandum in support.

Plaintiff's Complaint in this action asserts a single count against Chase for an alleged violation of Section 1681s-2(b) of the FCRA.  *See* ECF No. 1, ¶¶ 177-186.  However, the allegations asserted in the Complaint fail to state a claim against Chase.  As an initial matter, the Complaint fails to allege that any information that Chase furnished to the credit reporting agencies or any reporting by the credit reporting agencies related to Chase's tradeline was inaccurate.  Instead, Plaintiff merely makes conclusory assertions that Defendants reported "inaccurate," "misleading" or "unverifiable" information, without identifying what information was inaccurate, misleading, or unverifiable.  Plaintiff's Complaint should be dismissed on that basis alone.

Plaintiff's request for damages for the defendants' "willful noncompliance" or "negligent noncompliance" under the FCRA should also be denied.  *See* ECF No. 1, ¶¶ 207-216.  These claims are derivative of claims for a violation of the FCRA.  Because Plaintiff has failed to state an FCRA claim against Chase, these claims necessarily fail as well.

Therefore, the claims against Chase should be dismissed in their entirety and Plaintiff should not be granted leave to amend because amendment would be futile.

### FACTS

Plaintiff's Complaint asserts the following allegations against Chase:

46. On June 5, 2025, Plaintiff mailed written disputes to multiple furnishers regarding specific disputed data fields being furnished and reported on Plaintiff's consumer reports.

47. The June 5, 2025 dispute letters identified disputed data fields including, among others, Date opened, High Credit, Credit Limit, Date Last Active, Date of Last Payment, and related reporting fields.

48. The June 5, 2025 dispute letters also requested documentary support and verification for the disputed fields.

49. Plaintiff mailed the June 5, 2025 dispute letters using USPS Certified Mail.

. . .

53. Chase dispute (Account No. ending 2735, as referenced in Plaintiff's June 5, 2025 dispute) was mailed June 5, 2025 via USPS Certified Mail No. 9214 8901 4298 0419 7660 62.

. . .

79. Upon information and belief, TransUnion transmitted Plaintiff's disputes to each corresponding furnisher pursuant to 15 U.S.C. § 1681i(a)(2).

178. Plaintiff disputed JPMCB Card Services #464018212735**** with one or more CRAs.

179. TransUnion listed JPMCB Card Services #464018212735**** as "Verified as Accurate and Updated" on June 27, 2025.

180. Upon information and belief, TransUnion transmitted Plaintiff's dispute to Chase pursuant to 15 U.S.C. § 1681i(a)(2).

181. Upon information and belief, Experian and/or Equifax also transmitted Plaintiff's dispute to Chase pursuant to 15 U.S.C. § 1681i(a)(2).

182. After receiving notice of Plaintiff's dispute from one or more CRAs, Chase was required to conduct a reasonable investigation. 15 U.S.C. § 1681s-2(b).

183. Chase failed to conduct a reasonable investigation.

184. Chase verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters.

3

185.    Chase failed to modify, delete, or block the reporting of inaccurate or unverifiable information.

186.    As a direct and proximate result, Plaintiff suffered damages described in Paragraphs 86 through 96.

*See* ECF No. 1.  These allegations fail to assert a cognizable FCRA claim against Chase.

## ARGUMENT

### I.    LEGAL STANDARD

Pursuant to the federal "notice pleading" standard, a Plaintiff's Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, to meet this standard, a Complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed - but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "The primary purpose of Rule 12(c) is to dispose of cases based on the underlying substantive merits of the parties' claims and defenses as they are revealed in the formal pleadings."  *See Insignia Sys. v. News Corp. Mktg. In-Store Servs., L.L.C.*, Civ. No. 19-1820 (MJD/BRT), 2020 U.S. Dist. LEXIS 60888 (D. Minn. Mar. 9, 2020).

The Court may grant a motion brought under Rule 12(c) if the moving party establishes that "no material issue of fact remains to be resolved, and the movant is entitled to judgment as a matter of law."  *Insignia Sys.*, Civ. No. 19-1820 (MJD/BRT), 2020 U.S. Dist. LEXIS 60888, at *5-6.  The standard the court will apply in reviewing a motion under

4

this rule is the "same as that for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id*. at *5.

When presented with a motion for judgment on the pleadings, a district court must "accept as true all factual allegations set out in the complaint" and "construe the complaint in the light most favorable to the plaintiff, drawing all inferences in this favor." *Id*. (citing *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)). However, the Courts are "not obligated to 'accept the legal conclusions drawn by the pleader from the facts or to accept wholly conclusory allegations or unwarranted factual inferences." *Berry v. Hennepin Cnty.*, Case No. 20-cv-2189 (WMW/JFD), 2023 U.S. Dist. LEXIS 208122 (D. Minn. Nov. 21, 2023).

Finally, a district court is not required, in its duty to liberally construe a pleading, to "divine the litigant's intent and create claims that are not clearly raised." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 849 (8th Cir. 2004). And, a district court is not required to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

II. **Plaintiff's Complaint Fails to State a Claim Against Chase as a Furnisher under 15 U.S.C. § 1681s-2(b)(1).**

Under the FCRA, upon receiving notice from a consumer reporting agency that a consumer has disputed a debt, a furnisher is required to conduct a reasonable investigation of the dispute, report the results of the investigation, and if found to be inaccurate, incomplete, or unverifiable, take the necessary remedial measures. 15 U.S.C. §1681s-2(b)(1); *see also*, *Edeh v. Midland Cred. Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1038-39 (D.

Minn. 2010).  A furnisher is not required to conduct an investigation under the FCRA when a consumer sends notice of a dispute directly to the furnisher.  The furnisher's obligations to conduct a reasonable investigation under 15 U.S.C. § 1681s-2(b)(1) are only triggered upon notice from a consumer reporting agency that the information is being disputed.  *See Anderson v. EMC Mort. Corp.*, 631 F.3d 905, 907 (8th Cir. 2011).

In order to overcome a Rule 12 motion, the Complaint must contain allegations that the disputed credit information reported to the credit reporting agency was inaccurate.  *See Midland Cred. Mgmt.*, 748 F. Supp. 2d 1030, 1040 (D. Minn. 2010); *Johnson v. Freedom Mortg. Corp.*, No. 21-cv-2760, 2024 U.S. Dist. LEXIS 136151, at **11-12 (KMM/ECW) (D. Minn. Aug. 1, 2024) ("However, if a plaintiff is unable to demonstrate that the disputed debt information is inaccurate, the plaintiff will be unable to prevail on their FCRA claim.").

In this case, Plaintiff's Complaint fails to state a claim for relief against Chase, because the Complaint fails to include any allegations about what, if any, information was inaccurate in the data that Chase furnished.  Instead, the Complaint merely includes conclusory allegations that Chase furnished and verified "materially inaccurate or misleading information."  ECF No. 1 ¶ 3; *see also id.* ¶ 36 ("Plaintiff's disputes identified specific factual inaccuracies and materially misleading reporting"); *id.* ¶ 42 (alleging "inaccurate or misleading data fields"); *id.* ¶ 47 (identifying disputed data fields but failing to allege how such data fields were inaccurate); *id.* ¶ 184 (alleging "Chase verified inaccurate or materially misleading information").  At no point did the Complaint allege how the information Chase furnished was inaccurate, misleading, or unverifiable.  The

6

Complaint therefore fails to state a claim, because the wholly conclusory allegations that Chase had furnished information that was "inaccurate or misleading" without identifying how any information was inaccurate or misleading is insufficient to state a claim.

Chase therefore respectfully requests that Plaintiff's Section 1681s-2(b) claim against Chase be dismissed.

### III. Plaintiff's derivative claims for willful and negligent noncompliance also fail and must be dismissed.

Plaintiff's Complaint also asserts claims against all of the Defendants, including Chase, for both willful noncompliance (Section 1681n) and negligent noncompliance (Section 1681o) of the FCRA. *See* ECF No. 1, ¶¶ 207-216. Because these claims require a finding that Chase failed to comply with the FCRA, they are derivative of Plaintiff's Section 1681s-2(b) claim. *See Huie v. TransUnion LLC*, Case No. 25-v-3885 (LMP/DJF), 2026 U.S. Dist. LEXIS 24634, at \*\*7-8 (D. Minn. Jan. 22, 2026). Because Plaintiff's FCRA claim against Chase fails, these derivative claims also necessarily fail. *See Mason v. Equifax Info. Servs.*, No. 05 C 3782, 2006 WL 8461620, at \*1 (N.D. Ill. May 22, 2006).

### III. Plaintiff's Complaint Should be Dismissed With Prejudice without Leave to Amend.

Although Federal Rule Civil Procedure 15(a) provides that the courts must freely give leave to amend a pleading where justice so requires, a court may deny leave to amend where the proposed amendment would be futile or where there is a repeated failure to cure deficiencies. *See United States ex rel. Holt v. Medicare Medicaid Advisors, Inc.*, 115 F.4[th] 908, 922 (8th Cir. 2024).

As set forth above and in Midland's Memorandum of Law in Support of its Motion for Dismissal, Plaintiff has already been afforded an opportunity to cure the deficiencies in her Complaint. *See Huie v. TransUnion LLC*, Case No. 25-v-3885 (LMP/DJF), 2026 U.S. Dist. LEXIS 24634, at **7-8 (D. Minn. Jan. 22, 2026). Plaintiff previously filed a substantially similar action based on the same operative facts and the same alleged credit reporting conduct. The Court reviewed the Complaint and dismissed the action in its entirety after determining that the Complaint failed to state a claim. *Huie*, 2026 U.S. Dist. LEXIS 24634. In that dismissal order, the court identified the core deficiency in Plaintiff's Complaint – specifically, Plaintiff had failed to allege any concrete factual inaccuracy in the information that had been furnished and reported.

The current Complaint fares no better. As set forth above, while Plaintiff's Complaint alleges that Chase furnished information that was "inaccurate and misleading" and identified certain data fields at issue, Plaintiff's Complaint fails to identify how the information was inaccurate or misleading. In short, the Complaint fails to plausibly allege or identify any specific information that Chase furnished that was reported by the credit reporting agencies that was false. The Complaint is also void of any allegations of how any allegedly inaccurate, misleading or unverifiable information should have been furnished or reported to be accurate.

In short, Plaintiff's current Complaint in this second lawsuit based on the same operative facts fails to cure the deficiencies of her prior pleading despite an order identifying what the pleading deficiencies. Courts generally deny leave to amend where a plaintiff has already been given an opportunity to correct pleading deficiencies but fails to

8

correct them.  *See, e.g.*, *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065-66 (8th Cir. 2005) (affirming denial of third motion for leave to amend after plaintiff was granted leave to amend and failed to cure the defect); *Holt*, 115 F.4th 908 (8th Cir. 2024) ("A district court may appropriately deny leave to amend where there are compelling reasons such as repeated failure to cure deficiencies by amendments previously allowed or futility of the amendment").

Plaintiff should therefore not be granted leave to further amend her pleadings.

## CONCLUSION

For all of the reasons set forth above, Defendant JPMorgan Chase Bank, N.A. respectfully requests that this Court grant its motion for judgment on the pleadings and dismiss Plaintiff's claims against it with prejudice, and for such other and further relief to which it may be entitled.

**DYKEMA GOSSETT PLLC**

Dated:  May 27, 2026            /s/ *Kristina H. Kaluza*
                               Kristina H. Kaluza (#390899)
                               4000 Wells Fargo Center
                               90 South Seventh Street
                               Minneapolis, MN 55402-3903
                               Phone: 612.486.1520
                               Fax: 855.227-5097
                               kkaluza@dykema.com

                               ATTORNEYS FOR DEFENDANT
                               JPMORGAN CHASE BANK, N.A.

9