## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

|  |  |
|---|---|
| SHAWNEE HUIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS INC.; EQUIFAX INFORMATION SERVICES LLC; JPMORGAN CHASE BANK, N.A.; MIDLAND CREDIT MANAGEMENT INC.; WELLS FARGO BANK, N.A.; DISCOVER FINANCIAL SERVICES; CAPITAL ONE INC.<br><br>　　　　　Defendants. | Case No. 26-cv-1603 (JWB)(DLM) |

**DEFENDANT WELLS FARGO, N.A.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), through counsel, submits this Memorandum of Law in support of its Motion to Dismiss the Complaint ("Complaint" or "Compl.") filed by Shawnee Huie ("Plaintiff") pursuant to Rule 12(c) of the Federal Rules of Civil Procedures.

### INTRODUCTION

Plaintiff's Complaint asserts a single cause of action against Wells Fargo alleging that Wells Fargo violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b). Plaintiff's claim fails as a matter of law.  Plaintiff has failed to identify any specific false or misleading information about Plaintiff's Wells Fargo account that Wells Fargo

1

allegedly reported to the credit reporting agencies ("CRAs"). Plaintiff's failure to include this information in her Complaint is fatal to her FCRA claim, and her claims against Wells Fargo should be dismissed for failure to state a claim. Even if Plaintiff stated a valid FCRA claim (she has not), Plaintiff has not alleged facts to support her claim that Wells Fargo willfully violated the FCRA.

## BACKGROUND

### I.      Plaintiff's Prior Lawsuit

On October 9, 2025, Plaintiff filed a complaint in this court against Wells Fargo and other defendants asserting similar claims to those found in her Complaint in this action. *Huie v. TransUnion LLC, et al.*, Case No. 0:25-cv-03885 (LMP/DJF), 2026 WL 281454, at \*1 (D. Minn. Jan. 22, 2026) ("*Huie I*"). On January 22, 2026, this Court dismissed Plaintiff's complaint in that action. *Id.* at \*4. In doing so, the Court found that Plaintiff's complaint "never allege[d] what was inaccurate about the information reported by Defendants," but merely "allege[d], in conclusory fashion, that Defendants reported 'inaccurate, misleading, and incomplete information concerning Plaintiff's accounts, credit history, and creditworthiness.'" *Id.* at \*2. The Court also found that Plaintiff's "boilerplate allegation that the credit furnishers 'receiv[ed] notice of Plaintiff's disputes from one or more consumer reporting agencies under 15 U.S.C. § 1681i(a)(2)'" was "a mere 'naked assertion' without 'further factual enhancement,' which does not plausibly state a claim." *Id.* at \*3.

## II.    The Current Lawsuit

On February 23, 2026, Plaintiff filed her Complaint in this action ("*Huie II*"). In her Complaint, Plaintiff asserted a single cause of action against Wells Fargo, alleging that Wells Fargo willfully, or alternatively, negligently, violated § 1681s-2(b) of the FCRA. While Plaintiff does identify the Wells Fargo account at issue, Plaintiff does not identify the specific information she claims Wells Fargo is inaccurately reporting.  (Compl. ¶ 54). Instead, Plaintiff's Complaint groups all furnisher defendants together and alleges: "Plaintiff mailed written disputes to multiple furnishers regarding specific disputed data fields being furnished and reported on Plaintiff's consumer reports" in which she "disputed data fields including, among others, Date Opened, High Credit, Credit Limit, Date Last Active, Date of Last Payment, and related reporting fields."  (*Id.* at ¶¶ 46–47).  Plaintiff also alleges, on information and belief, that these disputes were transmitted by the CRAs to Wells Fargo.  (*Id.* at ¶¶ 80, 85). Plaintiff contends that after receiving notice of her disputes, Wells Fargo (1) "failed to conduct a reasonable investigation," (2) "verified inaccurate or materially misleading information, including one or more of the disputed data fields identified in Plaintiff's June 5, 2025 dispute letters," and (3) "failed to modify, delete or block the reporting of inaccurate or unverifiable information." (*Id.* at ¶¶ 203–205). Plaintiff asserts that as a result she suffered damages. (*Id.* at ¶¶ 88–96).

Plaintiff fails to plausibly state a violation of the FCRA by Wells Fargo as a matter of law. Accordingly, this claim should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(c).

3

## LEGAL STANDARD

Under the federal "notice pleading" standard, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, this standard demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion brought under this rule can be granted if the moving party establishes that there is no material issue of fact to be resolved, and the moving party is entitled to judgment as a matter of law. *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001). When reviewing a motion under Rule 12(c), "a court applies the same standard of review as for a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Cameo Quality Homes of Woodbury, Inc. v. Thuringer*, No. CIV 07-340 JNE-JJG, 2007 WL 1425490, at *3 (D. Minn. May 11, 2007) (citing *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Courts addressing Rule 12(c) motions are instructed to accept all facts pled by the non-moving party as true, but they are not required to "accept, as true, wholly conclusory allegations, or unwarranted factual inferences." *Melrose v. Birkmeier Monument Mfg. Co.*, No. CV 05-1418 (JMR/RLE), 2005 WL 8164757, at *5 (D. Minn. Nov. 8, 2005), *adopted by*, 2005 WL 8164748. Indeed, under the Rule 12 standard, courts should not "blindly

accept the legal conclusions drawn by the pleader from the facts." *Westcott*, 901 F.2d at 1488.

Moreover, the nonmoving party is required to allege "sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002). This means that even though the notice pleading requirements of Rule 8 are designed to "avoid overly formal pleading requirements," the plaintiff is still under an "obligation to state the factual basis for the claim." *Cameo Quality Homes of Woodbury, Inc.*, 2007 WL 1425490, at *3–4. Therefore, in order to survive a Rule 12 motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, a district court is not required "to divine the litigant's intent and create claims that are not clearly raised." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 849 (8th Cir. 2004). Nor must a district court "conjure up unpled allegations" to save a complaint. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## ARGUMENT

Plaintiff has failed to allege what specific inaccurate or misleading information Wells Fargo supposedly furnished to the credit reporting agencies and was disputed in her June 2025 dispute letters. Because she has failed to satisfy this threshold element of her claim for violation of FCRA § 1681s-2(b), her claims against Wells Fargo must be dismissed. Moreover, Plaintiff's Complaint lacks any factual allegations whatsoever to support her claim that Wells Fargo willfully violated the FCRA.

## I.    Plaintiff's Complaint Fails to State a Claim for Relief Against Wells Fargo Pursuant to FCRA § 1681s-2(b).

Plaintiff's scant allegations against Wells Fargo are not sufficient to support a claim for violation of the FCRA. "Section 1681s-2(b) of the FCRA requires a furnisher of credit information (in this case, [Wells Fargo]), on receiving notice from a CRA that a consumer has disputed a debt, to investigate the dispute, to report the results of the investigation to the CRA, and, if the furnisher concludes that the disputed debt is inaccurate, incomplete, or unverifiable, to take certain additional remedial measures." *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1038–39 (D. Minn. 2010), *aff'd*, 413 F. App'x 925 (8th Cir. 2011) (citing 15 U.S.C. § 1681s–2(b)(1)). To plausibly state a claim for violation of "Section 1681s-2(b), a plaintiff must plausibly allege that the disputed debt information reported to the credit furnisher was inaccurate." *Huie I*, at *3. If "a plaintiff is unable to demonstrate that the disputed debt information is inaccurate, the plaintiff will be unable to prevail on their FCRA claim." *Johnson v. Freedom Mortg. Corp.*, No. 21-CV-2760 (KMM/ECW), 2024 WL 3625289, *5 (D. Minn. Aug. 1, 2024), *aff'd*, 165 F.4th 1128 (8th

Cir. 2026). Further, "[a] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012).

Here, Plaintiff's Complaint suffers the same defects as her prior complaint in *Huie I.* Plaintiff does not identify what specific inaccurate information Wells Fargo allegedly furnished to the CRAs. (*See generally* Compl.). Instead, Plaintiff only alleges that she disputed to the furnishers "data fields including, among others, Date Opened, High Credit, Credit Limit, Date Last Active, Date of Last Payment, and related reporting fields." (*Id.* at ¶ 47).

Plaintiff's allegations regarding the disputed information are vague such that Wells Fargo is unable to identify the specific alleged inaccuracies appearing on Plaintiff's Wells Fargo tradeline. It follows that Plaintiff's allegations, directed at the group of furnishers named as defendants, "do not provide fair notice [to Wells Fargo] of the grounds for the claims made against" it. *Tatone*, 857 F. Supp. 2d at 831. Plaintiff's Complaint fails to allege a specific inaccuracy in Wells Fargo's reporting sufficient to state a claim under Section 1681s-2(b) that Wells Fargo failed to reasonably investigate her disputes. *See Huie I*, 2026 WL 281454, at *3. This failure is fatal to Plaintiff's claim against Wells Fargo. *Id.* at *1 (stating that plaintiff's failure to "plausibly allege the inaccuracy of any information reported to the credit furnishers. . . is . . . fatal to [her] Section 1681s-2(b) claim.").

Because Plaintiff has failed to adequately allege facts to show that the information reported to the CRAs by Wells Fargo was inaccurate, her claim against Wells Fargo fails as a matter of law and must be dismissed.

## II.     Plaintiff's "Willfulness" Allegations Are Conclusory and Cannot Support Statutory or Punitive Damages.

Because Plaintiff's has failed to properly allege a violation of claims FCRA § 1681s-2(b), her claims for willful and negligent noncompliance with the FCRA—which are derivative of her claim pursuant to FCRA § 1681s-2(b)—must also fail. *See Huie I*, 2026 WL 281454, at *3. However, even if Plaintiff did state a claim for violation of the FCRA, her claim that Wells Fargo violated the statute should be dismissed.

To state a claim for a willful violation of the FCRA, a plaintiff must allege Wells Fargo's actions were knowing or recklessly indifferent to the statute's requirements. *See Beseke v. Equifax Info. Servs. LLC*, 420 F. Supp. 3d 885, 892 (D. Minn. 2019) (citing *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 56-60 (2007) ("willfulness" includes "both knowing and reckless violations of the statute."). Under *Safeco*, "reckless" for FCRA purposes requires an objectively unreasonable reading of the statute that creates an "unjustifiably high risk" of violating clearly established law, not mere carelessness. *Id.* at 69–70 & n.20; *Meyer v. F.I.A. Servs., N.A.*, 780 F. Supp. 2d 879, 885 (D. Minn. 2011).

At the pleading stage, Plaintiff must allege facts, not labels, that make such willfulness plausible. Threadbare assertions that a defendant "willfully" or "recklessly" violated the FCRA, or recitations of statutory duties followed by a conclusory adverb, are

not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555–57, 570.

Here, Plaintiff does nothing more than assert group-pleaded, threadbare allegations that "Defendants' violations of the FCRA were willful" and "Defendants acted in reckless disregard of Plaintiff's rights under the FCRA." (Compl. at ¶¶ 208, 209). This is not enough. She does not allege any specific facts about Wells Fargo's actions, communications with the CRAs, or internal decision-making that would support an inference that Wells Fargo itself knowingly violated the FCRA or adopted an objectively unreasonable interpretation of its duties. There are simply no factual allegations that support a claim for a willful violation of the FCRA.

Further, as noted, *supra*, Plaintiff's undifferentiated willfulness allegations against "Defendants" is classic impermissible group pleading. *See Tatone*, 857 F. Supp. 2d at 831 ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."). The complaint does not identify how Wells Fargo in particular allegedly acted with a willful state of mind. Second, even setting the group-pleading problem aside, Plaintiff's willfulness allegations are precisely the sort of "labels and conclusions" and "naked assertions devoid of further factual enhancement" that *Twombly* and *Iqbal* reject. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 687. Those factual allegations, taken as true, do not support the sort of egregious, deceptive, or deliberately indifferent conduct that courts have required to support punitive or statutory damages under § 1681n. *See Safeco Ins. Co.*, 551 U.S. at 57–58, 68–69.

9

Accordingly, Plaintiff fails to state a claim for a willful violation of the FCRA, and the willfulness portion of her claim should be dismissed. *See Zaun v. J.S.H. Inc.*, No. CIV. 10-2190 JFK, 2010 WL 3862860, at *3 (D. Minn. Sept. 28, 2010) (dismissing the plaintiff's FCRA willfulness claim where the allegations were mostly "mere recitals of the elements of his causes of action, supported by conclusory statements," and the plaintiff failed to "allege facts that, if true, could establish the Defendant here willfully violated the FCRA's requirements").

## III. Plaintiff's Complaint Should Be Dismissed With Prejudice and Without Leave to Amend.

Generally, courts must freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a). However, a court may deny leave to amend where the proposed amendment would be futile or there is a repeated failure to cure deficiencies. *United States ex rel. Holt v. Medicare Medicaid Advisors, Inc.*, 115 F.4th 908, 922 (8th Cir. 2024). An amendment is futile if it cannot withstand a motion to dismiss, and leave to amend may therefore be denied. *Id.* at 922-23.

Any attempt by Plaintiff to amend her Complaint would be futile. This is evidenced by her failure to remedy the defects identified by this court in *Huie I*, in bringing the instant Complaint. Despite having the benefit of the Court's prior ruling, Plaintiff is still unable to plead adequate facts to state a claim against Wells Fargo. Where, as here, a Plaintiff previously had an opportunity to remedy deficiencies in their pleading but failed to do so, the Court should deny leave to amend. *See, e.g., Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065-66 (8th Cir. 2005) (affirming denial of third

10

motion for leave to amend after plaintiff was given leave and failed to cure the defect); *see also Holt*, 115 F.4th at 923.

Because Plaintiff had an opportunity to remedy the deficiencies in the pleading filed in the prior action but has failed to do so, any further amendment will be futile and would too fail to survive a motion to dismiss.   Accordingly, the Court should dismiss Plaintiff's Complaint with prejudice.

## CONCLUSION

WHEREFORE, Defendant Wells Fargo, N.A. respectfully requests that this Court grant its motion to dismiss and dismiss Plaintiff's claims against it with prejudice, and for such other and further relief to which it may be entitled.

Dated: July 14, 2026

*/s/ Bridgette M. Nunez*
Bridgette M. Nunez (0505129)
TROUTMAN PEPPER LOCKE LLP
875 Third Avenue
New York, NY 10022
(212) 808-2715
bridgette.nunez@troutman.com
***Counsel for Wells Fargo Bank, N.A.***

11