**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Shawnee Huie,

Plaintiff,

v. **Court File No. 26-cv-01603-JWB/DLM**

Trans Union LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC; JPMorgan Chase Bank, N.A.; Midland Credit Management, Inc.; Wells Fargo Bank N.A.; U.S. Bank N.A.; Discover Financial Services; and Capital One Inc.,

Defendants.

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

## INTRODUCTION

Defendant JPMorgan Chase Bank, N.A. ("Chase") moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Plaintiff Shawnee Huie failed to allege a specific inaccuracy in Chase's credit reporting and that her claims are foreclosed by Huie v. Trans Union LLC, 2026 WL 281454 (D. Minn. Jan. 22, 2026) ("Huie I"). Both arguments fail. The current Complaint is materially more specific than Huie I and satisfies the pleading standard under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Chase's motion should be denied.

## BACKGROUND

### A. The Prior Lawsuit (Huie I)

On January 22, 2026, this Court dismissed Plaintiff's prior complaint in Huie I because the allegations were conclusory -- Plaintiff had not identified what specific information was inaccurate. 2026 WL 281454, at *2. The Court also found the bare allegation of CRA-to-furnisher notice was a "naked assertion" without factual enhancement. Id. at *3. Plaintiff

took those findings seriously and filed the current Complaint on February 23, 2026 with specific allegations designed to cure each deficiency.

**B. This Complaint (Huie II)**

The Complaint asserts a single claim against Chase under 15 U.S.C. § 1681s-2(b). ECF 1, paras. 177-186. Plaintiff alleges that on June 5, 2025, she mailed a written dispute to Chase via USPS Certified Mail No. 9214 8901 4298 0419 7660 62, identifying specific disputed data fields on JPMCB Card account #464018212735 -- including Date Opened, High Credit, Credit Limit, Date Last Active, and Date of Last Payment. ECF 1, paras. 46-53. TransUnion listed JPMCB Card #464018212735 as "Verified as Accurate and Updated" on June 27, 2025. ECF 1, para. 179. Despite specific disputes identifying inaccurate data fields, Chase verified the information as accurate without conducting a reasonable investigation. ECF 1, paras. 183-185. Plaintiff suffered concrete financial harm including denial of a $32,886.36 vehicle loan, financing forced at 24.99% APR, and housing-related harm. ECF 1, paras. 89-94.

## LEGAL STANDARD

A Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001). The Court must accept all factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). A complaint survives if it contains sufficient factual matter to state a claim that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Pro se pleadings are held to less stringent standards than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## ARGUMENT

### I. THE COMPLAINT PLAUSIBLY ALLEGES INACCURACY IN CHASE'S CREDIT REPORTING.

Chase's central argument is that Plaintiff failed to identify specific inaccurate information. That argument mischaracterizes the Complaint and ignores the material differences between this case and Huie I.

In Huie I, the court found Plaintiff alleged only in conclusory terms that information was "inaccurate, misleading, and incomplete" -- with no account identified, no data field specified, and no dispute letter described. The current Complaint is fundamentally different. Plaintiff alleges: (1) she submitted a written dispute on June 5, 2025 via USPS Certified Mail regarding JPMCB Card account #464018212735, identifying specific disputed data fields including Date Opened, High Credit, Credit Limit, Date Last Active, and Date of Last Payment (ECF 1, paras. 46-53); (2) Plaintiff's disputes "identified specific factual inaccuracies and materially misleading reporting, rather than vague or generalized objections" (ECF 1, para. 36); (3) Plaintiff retained copies of those dispute letters and certified mail receipts (ECF 1, para. 58); and (4) a tradeline may be "inaccurate" under the FCRA if it is "technically correct but materially misleading in a way that can adversely affect credit decisions" (ECF 1, para. 40).

Chase argues Plaintiff must identify the exact numerical value that should appear in each disputed field. But Rule 8 does not require that level of granularity. What is required is a

plausible allegation that inaccurate information existed. Plaintiff has alleged the specific tradeline, the specific account number, the specific data fields, and the documented fact that after her disputes those same fields were "Verified as Accurate and Updated" by TransUnion on June 27, 2025 -- which presupposes they remained in the form Plaintiff disputed. Combined with the concrete financial harm Plaintiff suffered, the inference that the disputed fields were inaccurate or materially misleading is not speculative -- it is the most reasonable reading of the facts alleged.

The FCRA recognizes that reporting can be "technically accurate but misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998). Plaintiff's Complaint alleges exactly that kind of harm, tied to exactly the kind of data fields that affect credit scoring and underwriting. ECF 1, paras. 40-41.

## II. THE FCRA DOES NOT REQUIRE PLAINTIFF TO SUPPLY THE CORRECTED VALUES FOR DISPUTED FIELDS.

Chase's motion implicitly demands that Plaintiff identify not just what she disputed, but what the correct values should be for each disputed data field. This demand inverts the statutory scheme and finds no support in the text of the FCRA.

The statute imposes the duty to investigate and determine accuracy on the furnisher -- not the consumer. Upon receiving notice of a dispute, a furnisher must "conduct an investigation with respect to the disputed information" and "review all relevant information provided by the consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1)(A)-(B). The furnisher must then report the results of that investigation and correct or delete any information it cannot verify. 15 U.S.C. § 1681s-2(b)(1)(C)-(E). At no point does the statute require the consumer to provide the corrected values -- because that is the furnisher's job.

Plaintiff's obligation was to identify what she disputed. She did so with specificity: she named the account, identified the disputed data fields, mailed her dispute via certified mail, and retained documentation. What the correct values should be is precisely what a reasonable reinvestigation by Chase would have uncovered. Chase cannot simultaneously fail to conduct that investigation and demand that Plaintiff perform it on its behalf.

To hold otherwise would effectively eliminate FCRA furnisher liability at the pleading stage. A consumer rarely has access to a furnisher's internal records, payment histories, or account origination data -- the very records a furnisher is obligated to consult during reinvestigation. Requiring Plaintiff to plead the corrected value of fields like "High Credit" or "Date Last Active" before discovery would reward furnishers who withhold accurate records and punish the consumers the FCRA was enacted to protect.

## III. THE COMPLAINT PLAUSIBLY ALLEGES CRA NOTICE TO CHASE.

Chase contends Plaintiff's information-and-belief allegations of CRA-to-furnisher notice are insufficient. This argument fails for two independent reasons.

First, pleading on information and belief is proper when the facts are peculiarly within the defendant's knowledge. Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010).

Whether TransUnion transmitted Plaintiff's dispute to Chase via ACDV is information within the exclusive possession of Chase and the CRAs -- not Plaintiff. Requiring a pro se plaintiff to plead the internal mechanics of a bank's dispute-handling system before discovery would effectively eliminate FCRA furnisher claims at the pleading stage, contrary to the remedial purpose of the statute.

Second, this is not a bare or naked assertion. It is anchored to specific documented facts. TransUnion issued a reinvestigation result on June 27, 2025, specifically listing JPMCB Card #464018212735 as "Verified as Accurate and Updated." ECF 1, para. 179. A CRA can only issue such a reinvestigation result after transmitting the dispute to the furnisher and receiving a response -- that is the statutory mechanism under 15 U.S.C. § 1681i(a)(2). The inference that TransUnion transmitted Plaintiff's dispute to Chase is not speculative; it is the only reasonable inference from the CRA's own documented action. This is precisely the inference the Court is required to draw in Plaintiff's favor. Wishnatsky, 433 F.3d at 610.

In Huie I, notice was alleged with nothing but boilerplate. Here, Plaintiff has grounded her allegations in a specific CRA reinvestigation result, a specific account number, and a specific date. The Huie I deficiency has been cured.

**IV. CHASE'S RELIANCE ON HUIE I IS MISPLACED.**

Chase's motion is largely built on Huie I, suggesting the prior dismissal compels the same result here. It does not. Huie I was dismissed without prejudice -- specifically to allow Plaintiff to cure the identified deficiencies. Plaintiff did exactly that. The Complaint must be evaluated on its own allegations. The differences are material: Huie I had no identified account numbers, no specific data fields, no certified mail tracking numbers, no CRA reinvestigation results. Huie II has all of these. Amendment worked as the system intends.

Chase also joins Midland's memorandum, largely incorporating those arguments by reference rather than developing independent analysis tailored to Chase's own conduct. ECF 67, at 2. That approach further demonstrates that Chase's motion lacks the kind of defendant-specific factual analysis that would be required to show, as a matter of law at the pleading stage, that no inaccuracy existed in Chase's reporting and no reasonable investigation was required. The motion should be denied.

**V. LEAVE TO AMEND IS NOT AT ISSUE -- PLAINTIFF HAS ALREADY FILED HER MOTION TO AMEND.**

Chase urges the Court to dismiss with prejudice and deny leave to amend. That argument is moot. On July 26, 2026, Plaintiff filed a Motion for Leave to File First Amended Complaint (ECF 90), which is currently pending before this Court. The First Amended Complaint adds specific factual allegations that further address any pleading deficiencies Chase has identified. Dismissal with prejudice before the Court rules on the pending motion to amend would be premature and would not serve the interests of justice. Rule 15(a) instructs that leave to amend shall be freely given when justice so requires, and no scheduling order has closed amendment deadlines in this case.

**CONCLUSION**

Plaintiff's Complaint plausibly alleges that Chase violated 15 U.S.C. § 1681s-2(b) by verifying inaccurate or materially misleading information without conducting a reasonable investigation, after receiving notice of Plaintiff's disputes from TransUnion. The allegations are grounded in a specific account number, specific disputed data fields, a certified mail tracking number, and a documented CRA reinvestigation result. The Complaint is not the conclusory pleading rejected in Huie I. Chase's Motion for Judgment on the Pleadings should be denied in its entirety.

Dated: July 28, 2026

Respectfully submitted,

/s/ Shawnee Huie
Shawnee Huie, Plaintiff, Pro Se
6417 Penn Ave S Suite 7-144
Minneapolis, MN 55423
Shawnee@LuckyEliza.com
(323) 940-9979

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2026, I caused a true and correct copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant JPMorgan Chase Bank, N.A.'s Motion for Judgment on the Pleadings to be served upon their counsel of record via the Court's CM/ECF electronic filing system.

And upon all other counsel of record who have appeared in this action via CM/ECF.

Dated: July 28, 2026

/s/ Shawnee Huie

Shawnee Huie, Plaintiff, Pro Se

6417 Penn Ave S Suite 7-144

Minneapolis, MN 55423

Shawnee@LuckyEliza.com

(323) 940-9979