**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Shawnee Huie,

Plaintiff,

v. **Court File No. 26-cv-01603-JWB/DLM**

Trans Union LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC; JPMorgan Chase Bank, N.A.; Midland Credit Management, Inc.; Wells Fargo Bank N.A.; U.S. Bank N.A.; Discover Financial Services; and Capital One Inc.,

Defendants.

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

## INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Plaintiff Shawnee Huie failed to allege a specific inaccuracy in Wells Fargo's credit reporting. Wells Fargo is wrong. The Complaint alleges specific disputed data fields on an identified Wells Fargo account, documents the certified mail tracking number confirming the dispute was sent and received, and establishes that TransUnion returned a result of "Verified as Accurate and Updated" after transmitting the dispute to Wells Fargo — confirming that Wells Fargo received notice and verified the disputed data rather than correcting it. These allegations are materially more specific than the prior complaint in Huie v. Trans Union LLC, 2026 WL 281454 (D. Minn. Jan. 22, 2026) ("Huie I"), directly address the deficiencies this Court identified, and satisfy the pleading standard under Twombly and Iqbal. Wells Fargo's motion should be denied.

## BACKGROUND

### A. Huie I and the Deficiencies Identified by the Court

On January 22, 2026, this Court dismissed Plaintiff's prior complaint in Huie I because the allegations were conclusory -- Plaintiff had not identified what specific information was inaccurate. 2026 WL 281454, at *2. Plaintiff filed the current Complaint on February 23, 2026, carefully addressing those deficiencies. The current Complaint identifies: (1) the specific Wells Fargo account at issue; (2) specific disputed data fields including Date Opened, High Credit, Credit Limit, Date Last Active, and Date of Last Payment; (3) the certified mail tracking number for her June 5, 2025 dispute letter (No. 9214 8901 4298 0419 7710 04); (4) TransUnion's response confirming the tradeline was "Verified as Accurate and Updated" on June 27, 2025; and (5) concrete financial harm including a denied loan application and adverse credit terms. ECF 1, paras. 46-58, 80-90, 197-206.

**B. The Current Complaint Addresses Those Deficiencies**

The Complaint asserts a single claim against Wells Fargo under 15 U.S.C. Section 1681s-2(b). ECF 1, paras. 197-206. Plaintiff alleges that on June 5, 2025, she mailed a written dispute to Wells Fargo via USPS Certified Mail No. 9214 8901 4298 0419 7710 04, identifying specific disputed data fields on Wells Fargo account #446542036581 — including Date Opened, High Credit, Credit Limit, Date Last Active, and Date of Last Payment. ECF 1, paras. 46-54. TransUnion listed Wells Fargo account #446542036581 as "Verified as Accurate and Updated" on June 27, 2025. ECF 1, para. 77. Wells Fargo's own Answer did not contest that the TransUnion reinvestigation results say what Plaintiff alleges — responding only that the documents "speak for themselves." ECF 48, para. 77. Despite specific disputes identifying inaccurate data fields, Wells Fargo verified the information as accurate without conducting a reasonable investigation. ECF 1, paras. 203-205. Plaintiff suffered concrete financial harm including denial of a $32,886.36 vehicle loan, financing forced at 24.99% APR, and housing-related harm. ECF 1, paras. 89-94.

**LEGAL STANDARD**

A Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001). The Court must accept all factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). A complaint survives if it contains sufficient factual matter to state a claim that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Pro se pleadings are held to less stringent standards than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**ARGUMENT**

**I. THE COMPLAINT PLAUSIBLY ALLEGES SPECIFIC INACCURACIES IN WELLS FARGO'S REPORTING.**

**A. Plaintiff Identified Specific Disputed Data Fields and Documented the Dispute.**

Wells Fargo's central argument is that Plaintiff failed to identify specific inaccurate information. That argument fails on the face of the Complaint. Plaintiff identified the specific account at issue,

identified specific data fields she disputed — Date Opened, High Credit, Credit Limit, Date Last Active, and Date of Last Payment — and provided the certified mail tracking number for her dispute letter confirming it was sent and received. ECF 1, paras. 47, 54. After transmission by the CRAs, TransUnion returned a result of "Verified as Accurate and Updated" on June 27, 2025, confirming that the disputed data was transmitted to Wells Fargo and that Wells Fargo verified its accuracy rather than correcting it. Id. para. 199. These are concrete, documented factual allegations — not conclusory labels.

This is precisely the factual specificity the Court said was missing in Huie I. Unlike the prior complaint, which alleged only in general terms that Defendants reported "inaccurate, misleading, and incomplete information," the current Complaint identifies the specific account, the specific fields, the specific dispute mechanism, the certified mail tracking number, and the specific CRA response. That sequence — dispute, transmission, verification, continued reporting — plausibly alleges that the disputed fields were inaccurate and that Wells Fargo failed to conduct a reasonable reinvestigation after receiving notice from the CRAs under 15 U.S.C. Section 1681s-2(b).

**B. The FCRA Does Not Require the Consumer to Identify the Exact Correct Value of Each Disputed Field.**

Wells Fargo argues that Plaintiff must identify the precise numerical value that should appear in each disputed field. No such requirement exists in the FCRA, and Wells Fargo cites no authority imposing one. The statute places the investigation obligation squarely on the furnisher, not the consumer. 15 U.S.C. Section 1681s-2(b)(1)(A)-(B). Plaintiff's obligation was to identify what she disputed — she did so with specificity. The furnisher's obligation was to investigate and correct — Wells Fargo verified the disputed data without correction.

Requiring consumers to supply the exact corrected values would effectively shift the furnisher's statutory investigative burden to the plaintiff — a result plainly inconsistent with the FCRA's structure and purpose. Courts in this district and the Eighth Circuit have not imposed that requirement.

**C. The Reinvestigation Standard Is Fact-Intensive and Cannot Be Resolved at the Pleading Stage.**

Wells Fargo's own litigation counsel's firm — Troutman Pepper Locke LLP — publicly acknowledged in a March 10, 2026 publication that "the reasonableness of a [furnisher's] reinvestigation is a fact-intensive inquiry" that "cannot be resolved as a matter of law at the pleading stage." Troutman Pepper Locke, Reasonable Reinvestigation, Not Legal Adjudication: CRAs and Furnishers under the FCRA (Mar. 10, 2026). Wells Fargo cannot credibly argue that reasonableness of reinvestigation is a pleading-stage question while its counsel simultaneously publishes that it is not.

**D. The Complaint Is Not Impermissible Group Pleading as to Wells Fargo.**

Wells Fargo argues that the Complaint improperly lumps defendants together. But the Complaint specifically identifies the Wells Fargo account at issue, specifically identifies the data fields Plaintiff disputed on that account, and specifically identifies the certified mail tracking number for her dispute letter directed to Wells Fargo. ECF 1, paras. 46-58. Wells Fargo is not left to

guess which account or which fields are at issue — the Complaint tells it exactly what was disputed. The fact that other furnisher defendants are also named does not transform specific factual allegations into impermissible group pleading.

## II. WELLS FARGO'S WILLFULNESS ARGUMENT IS PREMATURE.

Willfulness under the FCRA includes reckless disregard of statutory obligations. Safeco Ins. Co. v. Burr, 551 U.S. 47, 57 (2007). A furnisher that verifies disputed data fields without conducting a reasonable investigation — after receiving certified notice of a consumer dispute transmitted by the CRAs — plausibly acts with reckless disregard of its FCRA obligations. Whether that conduct rises to willfulness is a fact-intensive question that is not appropriate for resolution at the pleading stage. Plaintiff has alleged sufficient facts to make a willfulness claim plausible. Wells Fargo's argument that willfulness must be dismissed at this stage is foreclosed by the same authority its own counsel has cited: reasonableness and intent are not resolved on the face of the pleadings.

## III. DISMISSAL WITH PREJUDICE IS INAPPROPRIATE WHILE PLAINTIFF'S MOTION TO AMEND IS PENDING.

Wells Fargo urges the Court to dismiss with prejudice and deny leave to amend. That request is premature. Plaintiff has filed a Motion for Leave to File a First Amended Complaint (ECF 90), which is currently pending before this Court. The First Amended Complaint adds specific factual allegations that further address any pleading concerns Wells Fargo has identified. Rule 15(a) instructs that leave to amend shall be freely given when justice so requires. No scheduling order has closed amendment deadlines in this case. Dismissing with prejudice before the Court rules on the pending motion to amend would not serve the interests of justice and would be inconsistent with the liberal amendment policy of Rule 15(a).

Wells Fargo's futility argument — that Plaintiff had a prior opportunity to cure and failed — does not apply where a proposed amended complaint is already before the Court. The Court should rule on the motion to amend before entertaining dismissal with prejudice.

## CONCLUSION

Plaintiff's Complaint plausibly alleges that Wells Fargo violated 15 U.S.C. Section 1681s-2(b) by verifying specific disputed data fields without conducting a reasonable reinvestigation after receiving certified notice of Plaintiff's disputes from the CRAs. The Complaint is materially more specific than Huie I and satisfies the pleading standard under Twombly and Iqbal. Wells Fargo's Motion for Judgment on the Pleadings should be denied.

Dated: July 28, 2026

Respectfully submitted,

/s/ Shawnee Huie
Shawnee Huie, Plaintiff, Pro Se
6417 Penn Ave S Suite 7-144

Minneapolis, MN 55423
Shawnee@LuckyEliza.com
(323) 940-9979

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2026, I caused a true and correct copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant Wells Fargo Bank, N.A.'s Motion for Judgment on the Pleadings to be served upon their counsel of record via the Court's CM/ECF electronic filing system.

And upon all other counsel of record who have appeared in this action via CM/ECF.

Dated: July 28, 2026

/s/ Shawnee Huie

Shawnee Huie, Plaintiff, Pro Se
6417 Penn Ave S Suite 7-144
Minneapolis, MN 55423
Shawnee@LuckyEliza.com
(323) 940-9979