**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Shawnee Huie,

Plaintiff,

vs.

TransUnion LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC; JPMorgan Chase Bank, N.A.; Midland Credit Management Inc.; Wells Fargo Bank, N.A.; U.S. Bank, N.A.; Discover Financial Services; Capital One Inc.,

Defendants.

Case No.: 0:26-cv-01603-JWB/DLM

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby submits its Reply in Support of its Motion for Judgment on the Pleadings. Because Plaintiff's Opposition implicitly confirms that her Complaint against Chase is deficient, Chase's motion should be granted and Chase should be dismissed from this action.

In her opposition, Plaintiff asserts that she has sufficiently pled an FCRA claim against Chase. In support, Plaintiff points to the following allegations: "that on June 5, 2025, she mailed a written dispute to Chase via USPS Certified Mail No. 9214 8901 4298 0419 7660 62, identifying specific disputed data fields on JPMCB Card account # *******2735 – including Date Opened High Credit, Credit Limit, Date Last Active, and Date of Last Payment." *See* ECF No. 95, at p.2 (citing ECF No. 1, ¶¶ 46-53). Plaintiff argues that "[d]espite specific disputes identifying inaccurate data fields, Chase verified

the information as accurate without conducting a reasonable investigation." *Id*. (citing ECF No. 1, ¶¶ 183-185). In short, Plaintiff contends that she sufficiently pled a claim, because she "alleged the specific tradeline, the specific account number, the specific data fields, and the documented fact that after her disputes those same fields were "Verified as Accurate and Updated" by TransUnion on June 27, 2025." *See* ECF No. 95, at p. 3

However, Plaintiff's arguments ignore the fundamental flaw in her Complaint – namely, that while she may have identified certain data fields in her credit report that she disputes as "inaccurate," she has altogether failed to allege facts explaining why each of those data fields are inaccurate. Instead, Plaintiff continues to make conclusory statements that these data fields are inaccurate or materially misleading, without providing any factual support.

In her Opposition, Plaintiff argues that the FCRA "imposes the duty to investigate and determine accuracy on the furnisher – not the consumer" and that it is the furnisher's responsibility, upon receiving notice of a dispute from a credit reporting agency, to conduct a reasonable investigation and then correct or delete any information it cannot verify. *See* ECF No. 95, at p. 3. Therefore, Plaintiff presupposes that Plaintiff's only "obligation was to identify what she disputed" and that she did so with specificity. *Id*. But Plaintiff must provide a factual basis supporting not only what she is disputing, but how or why Plaintiff believes that information is inaccurate or misleading.

However, Plaintiff still fails to identify how or why the information she disputed on her Chase tradeline was inaccurate. The Complaint merely alleges that "On June 5, 2025, Plaintiff mailed written disputes to multiple furnishers regarding specific disputed data

fields being furnished and reported on Plaintiff's consumer reports." *See* ECF No. 1, ¶ 46. Plaintiff also alleged that "[t]he June 5, 2025 dispute letters identified disputed data fields including, among others, Date opened, High Credit, Credit Limit, Date Last Active, Date of Last Payment, and related reporting fields." *Id.* ¶ 47. The Complaint therefore does not even specify which data field(s) Plaintiff disputed as to the Chase tradeline.

Plaintiff's argument confuses her obligation to plausibly plead an inaccuracy with Chase's obligation to conduct an investigation upon notice of the dispute from the credit bureau. Whether Chase met its obligation to conduct a reasonable investigation does not excuse Plaintiff from pleading that specific information that Chase furnished was inaccurate. Plaintiff's FCRA claim against Chase cannot survive where she fails to identify inaccurate reporting by merely asserting that Chase did not meet its investigation obligation.

Plaintiff's Complaint fails altogether to allege that any information Chase furnished was actually inaccurate. Her Complaint only vaguely alleges that she disputed the following data fields: Date opened, High Credit, Credit Limit, Date Last Active, Date of Last Payment. The Complaint does not actually allege that Chase furnished the incorrect date she opened the account, the high credit amount or the credit limit, or that Chase furnished incorrect information for the last payment date. The pleading rules do require the Plaintiff to include allegations that would allow the Court to reasonably infer that the information Chase furnished was inaccurate.

Finally, Plaintiff's pending Motion for Leave to File First Amended Complaint does not moot Chase's argument for dismissal. A pending motion for leave to amend does not defeat a ripe Rule 12(c) motion directed at the current, operative pleading. Further, Chase has opposed Plaintiff's Motion for Leave to Amend as futile. Notably, the proposed Amended Complaint does not amend or add any allegations as to Chase's tradeline and therefore the proposed Amendment does not cure the deficiencies.

For these reasons, Chase respectfully requests that the Court grant its Motion for Judgment on the Pleadings and dismiss the claims against Chase with prejudice.

**DYKEMA GOSSETT PLLC**

Dated: August 14, 2026

/s/ *Kristina H. Kaluza*

Kristina H. Kaluza (#390899)
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3903
Phone: 612.486.1520
Email: kkaluza@dykema.com

**ATTORNEY FOR DEFENDANT JPMORGAN CHASE BANK, N.A.**