**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

SHAWNEE HUIE,

Plaintiff,

v.

TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., JPMORGAN CHASE BANK, N.A. MIDLAND CREDIT MANAGEMENT INC., WELLS FARGO BANK N.A., U.S. BANK N.A., DISCOVER FINANCIAL SERVICES, and CAPITAL ONE INC.,

Defendants.

Case No. 0:26-cv-01603-JWB-DLM

Honorable Judge Jerry W. Blackwell

Magistrate Judge Douglas L. Micko

---

**[PROPOSED] ORDER GRANTING DEFENDANT CAPITAL ONE, N.A.'S MOTION TO DISMISS**

---

This matter is before the Court on the Motion to Dismiss filed by Defendant Capital One, N.A., incorrectly named as "Capital One Inc.," for itself and as successor by merger to Discover Financial Services ("Capital One"), under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 134.) Plaintiff Shawnee Huie, proceeding pro se, asserts a single claim against Capital One under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), relating to her Capital One and Discover credit card accounts. (ECF No. 1. ¶¶ 157–76.) For the reasons below, the Motion is granted.

**<u>Rationale</u>**

Plaintiff alleges that she mailed dispute letters on June 5, 2025 identifying "disputed data fields including, among others, Date Opened, High Credit, Credit Limit, Date Last Active, Date of Last Payment, and related reporting fields," that Capital One received the disputes from "one or more CRAs," and that Capital One failed to reasonably investigate and verified inaccurate information. (ECF No. 1. ¶¶ 46–55, 162–64, 172–74.)

To state a claim under Section 1681s-2(b), a plaintiff must plausibly allege that the disputed information reported by the furnisher was inaccurate. *Huie v. Trans Union LLC*, No. 25-cv-03885-LMP-DJF, 2026 WL 281454, at *3 (D. Minn. Jan. 22, 2026) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1040 (D. Minn. 2010)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although pro se complaints are construed liberally, they "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The Complaint does not meet that standard. It lists generic categories of data fields attributed to undifferentiated "Defendants" but does not identify what Capital One reported for any field, why that information was wrong, or what should have been reported instead. (ECF No. 1. ¶¶ 42, 47.) These are the same deficiencies that led Judge Provinzino to dismiss Plaintiff's materially identical prior action against the same Defendants. *Huie*, 2026 WL 281454, at *2–3. Because Plaintiff has not

plausibly alleged any inaccuracy in Capital One's reporting, her Section 1681s-2(b) claim fails. *Id.* at *3.

## Order

Based on the foregoing, and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant Capital One, N.A.'s Motion to Dismiss (ECF No. 134.) is GRANTED; and

2. Plaintiff's claims against Defendant Capital One, N.A., itself and as successor by merger to Discover Financial Services (named herein as "Capital One Inc." and "Discover Financial Services"), are DISMISSED.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: ___________, 2026

BY THE COURT:

____________________________
Jerry W. Blackwell
United States District Judge